CHARLES L. DOYLE, Plaintiff, *v.* KATHLEEN C. RHODES, Defendant and Third-Party Plaintiff-Appellant.—(Rein, Schultz & Dahl, Third-Party Defendant-Appellee.)

Second District   No. 82—56

Opinion filed September 7, 1982.—Rehearing denied October 27, 1982.

Harold L. Turner, of Turner and Shoemaker, of Rockford, for appellant.

Robert K. Clark and Robert H. Clark, both of Rockford, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Whether a defendant who has been sued on the basis of negligence can recover contribution from the injured plaintiff's employer who is charged with negligence as well as a wilful violation of a safety act forms the principal issue in this appeal.

The plaintiff, Charles L. Doyle, was employed as a highway flagman by the third-party defendant, Rein, Schultz & Dahl, a road contractor. The employee sued the defendant Kathleen C. Rhodes to recover damages for personal injuries received when the Rhodes car

struck him. Rhodes answered and filed a third-party complaint against the contractor which, as amended, sought contribution under section 2(a) of "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1981, ch. 70, par. 302(a)), based on both the third-party defendant's negligence and its alleged violation of the sections 1, 2, and 4 of "An Act to protect workers and the general public from injury or death during construction or repair of bridges and highways within the State of Illinois" (Ill. Rev. Stat. 1981, ch. 121, pars. 314.1, 314.2, 314.4). The trial court struck the third-party complaint as amended and further ordered that there was no just reason to delay enforcement or appeal under Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)).

I

"An Act in relation to contribution among joint tortfeasors" provides, as material:

> "Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them." Ill. Rev. Stat. 1981, ch. 70, par. 302(a).

Sections 5(a) and 11 of the Workers' Compensation Act provide as applicable:

> "No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act." Ill. Rev. Stat. 1981, ch. 48, par. 138.5(a).

> "The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer." Ill. Rev. Stat. 1981, ch. 48, par. 138.11.

The trial judge dismissed the third-party complaint on the basis that the contribution act did not permit the suit because the third-party plaintiff and the defendant were not both liable in tort to the plaintiff in view of the exclusivity provisions of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, pars. 138.5(a), 138.11); and that, while the third-party plaintiff might be entitled to indemnity against the employer (*Miller v. DeWitt* (1967), 37 Ill. 2d 273, 292), no cause of action at common law was stated since, as a matter of law, the third-party plaintiff was actively negligent and the road contrac-

tor's conduct was passive.

The third-party plaintiff contends that the Workers' Compensation Act does not bar an action for contribution under the statute and that the immunity that one potential tortfeasor may assert in an original action by the plaintiff does not bar a third-party action for contribution against another party at fault in the same occurrence. She also contends that the court erred in finding her an active tortfeasor as a matter of law in view of her allegations charging wilful violation of the road construction injuries act.

The crux of the main dispute on the question of contribution under the statute is the meaning of the term "subject to liability in tort" as it appears in the contribution statute; and whether the legislative intent evinced in that act is broad enough to include an action by one tortfeasor against another partially at fault, even though because of a statutory immunity the employer is not liable to the employee except under the no-fault provisions of the Workers' Compensation Act.

We have recently ruled that a tortfeasor may be "subject to liability in tort" and entitled to pursue a third-party action for contribution against a spouse of the claimant even though an immunity against suit has been provided by statute in any direct suit between the spouses. (*Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, 1081.) We have held that the same result follows when the immunity involves the relationship between a parent and a child. (*Larson v. Buschkamp* (1982), 105 Ill. App. 3d 965, 970-71.) In both instances we noted the legislative history of the contribution statute. This stated that the right to contribution is founded upon the doctrine of unjust enrichment, creates a separate right of restitution rather than a derivative right, "and thus is not barred by any common law or statutory immunity which would preclude the prime claimant from pursuing an action directly against the party from whom contribution is sought." *Wirth v. Highland Park* (1981), 102 Ill. App. 3d 1074, 1080-82; *Larson v. Buschkamp* (1982), 105 Ill. App. 3d 965, 969.

The legislative history of the statute notes that the decision in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 13, in its holding that the prohibition against contribution between tortfeasors cannot be justified under either a social and theoretical basis, "leaves unanswered questions whose answers" must be provided by legislative enactment. (Legislative History 1 (Chi. Bar Ass'n 1981).) The history further notes "the provision does not limit the right [to contribution] to those held liable in negligence"; and gives the illustration, "for example, the immunity of an employer to

any common law action sought to be brought by an employee will not prevent one held liable to that employee from seeking contribution from the employer." Legislative History 1, 2 (Chi. Bar. Ass'n 1981).

Thus, the contribution statute talks in terms of relative culpability rather than relative liability. One who is culpable in contributing to an injury in the sense that his wrongful conduct in some part caused the injury may be liable for contribution under the broad language of the statute. See Clark, *Comparative Contribution: The Legislative Enactment of the Skinner Doctrine*, 14 J. Mar. L. Rev. 173, 193 (1980).

We read *Skinner* (and the companion cases *Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, and *Robinson v. International Harvester Co.* (1977), 70 Ill. 2d 47) as holding that the employer is subject to a suit for unlimited contribution by the original defendant, third-party plaintiff. The holding of *Skinner*, generally, is that contribution is to be allowed based on "the relative degree to which the defective product and the employer's misuse of the product or its assumption of the risk contributed to cause plaintiff's injuries." (*Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 16.) We find it significant that the majority opinion did not refer to the policy of limited liability the Workers' Compensation Act embodies although the employee and employer were under the Act, but noted only that as the Act would not preclude a third-party action for indemnification (citing *Miller v. DeWitt* (1967), 37 Ill. 2d 273) it would not bar a suit for contribution, also, that the dissenters read the majority opinion as putting no limits on contribution, but simply basing contribution on relative causation of the injuries. *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 17-18 (Ward, J., dissenting); 70 Ill. 2d 1, 20-22 (Underwood, J., dissenting); 70 Ill. 2d 1, 36-40 (Dooley, J., dissenting); see also 1978 U. Ill. L.F. 633, 649; 1978 S. Ill. U.L.J. 556, 568; 14 J. Mar. L. Rev. 173, 194-95 (1980).

It has been theorized that *Skinner* limits employer's liability to third parties to cases where there is misuse of the product or assumption of risk by the employer, and the limitation was intended as a response to the dissenters' objection that the policy of the Workers' Compensation Act was undercut by allowing contribution. (Appel and Michael, 10 Loy. Chi. L.J. 169, 184-85, 189-92 (1979).) However, it appears more likely that the limitation was introduced to avoid allowing the strictly liable manufacturer to reduce his damages through contribution by raising the negligence of the employer when the manufacturer could not have reduced or avoided his liability in a direct suit by raising the issue of the users negligence. The limitation avoids the

danger of introducing negligence concepts into the products liability area and is thus consistent with earlier holdings in *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, and *Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.* (1975), 62 Ill. 2d 77. In *Liberty* the court held that negligence concepts had no place in strict liability actions (62 Ill. 2d 77, 82-83), specifically that negligence was not relevant to indemnity actions based on strict liability, but that misuse of the product by the party seeking indemnity would bar recovery (62 Ill. 2d 77, 84-85). It does not fairly appear from *Skinner* that the limitation was introduced out of deference to the policies of the Workers' Compensation Act. If this were intended the majority could have simply held that contribution was limited to the payments under the Workers' Compensation Act, and it did not do so.

The contribution statute was intended to codify, and not cut back on, *Skinner.* (See, *e.g.*, Legislative History 1, 2 (Chi. Bar Ass'n 1981); 61 Chi. Bar Rec. 331 (1980); *Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, 1080-82; *Larson v. Buschkamp* (1982), 105 Ill. App. 3d 965, 967, 971; 14 J. Mar. L. Rev. 173, 194-95 (1980).) Thus, the principles of *Skinner* may be read into the statute.

■ To the extent that our opinions in *Wirth* and *Larson* suggest a balancing approach to statutory or common law immunities and the purpose of the contribution statute, we conclude that Skinner has impliedly balanced the equities in favor of the unlimited contribution.[1]

## II

The third-party's amended complaint also sought contribution on the basis that the road contractor was absolutely liable for wilfully violating the road construction injuries act (Ill. Rev. Stat. 1979, ch. 121,

---

[1]Where "balancing" is an issue, the competing policy interests have been called by a leading expert, "the most evenly-balanced controversy." (Larson, *Workmen's Compensation: Third party actions over against employer*, 65 Nw. U.L. Rev. 351 (1970).) In some States contribution has been completely denied against an employer under a worker's compensation act on the theory that the action is derivative of the employee's right (contrary to the Illinois holdings). (See 2A Larson, Workmen's Compensation sec. 75.22 (1982).) In others, third-party liability has been reduced by 50%. (See *Murray v. United States* (D.C. Cir. 1968), 405 F.2d 1361, 1365-66; Weisgall, 1977 Wis. L. Rev. 1035, 1044-45 n. 43, but see 2A Larson, Workmens' Compensation, sec. 76.37, at 620-21 (1982).) In still others liability is reduced by the amount of compensation paid. (2A Larson, Workmen's Compensation sec. 75.22 at 507-21, sec. 76.36, at 15-16 (1982).) And in others contribution is limited to an amount which may be no more than compensation paid by the employer. 65 Nw. U.L. Rev. 351, 363 (1970); *Lambertson v. Cincinnati Corp.* (1977), 312 Minn. 114, 130, 257 N.W.2d 679, 689.

par. 314.1 *et seq*.). The amended third-party complaint requested relief commensurate with the degree of fault attributable to the third-party defendant, the road contractor, in causing plaintiff's injuries. The single-count complaint for contribution was, as previously noted, dismissed by the trial court. The amended complaint alleged that the employer wilfully violated the act in that it failed to provide the plaintiff with a safe place to perform his work, and did not provide due and adequate warning to motorists, including the plaintiff. Section 6 of the act provides that any contractor who knowingly or wilfully violates any provision of the act "shall be responsible for any injury to person or property occasioned by such violation, and a right of action shall accrue to any person injured for any damages sustained thereby." (Ill. Rev. Stat. 1979, ch. 121, par. 314.6.) In rejecting the third-party plaintiff's argument the trial court concluded that the plaintiff was guilty of active negligence as a matter of law, whereas the conduct of the contractor was passive and that contribution was barred on this basis.

The road construction injuries act is applied in a manner similar to the Structural Work Act, which "also makes wilful violations subject to liability, but fails to mention contributory negligence." (*Vegich v. McDougal Hartmann Co.* (1981), 84 Ill. 2d 461, 466; 59 Ill. Bar. J. 842, 844 (1971).) Generally, under statutes enacted for purposes of safety, the word "wilfully" has been held to be synonymous with "knowingly," so that "[t]he employer is liable not only when the dangerous conditions are known to him, but also when by the exercise of reasonable care the existence of such dangerous conditions could have been discovered." (*Schultz v. Henry Ericsson Co.* (1914), 264 Ill. 156, 166.) The construction statute before us has been construed in a Federal case, prior to either *Skinner* or the enactment of the contribution statute, to include "intentional acts constituting negligence." (*Parson v. Illinois Bell Telephone Co.* (7th Cir. 1973), 481 F.2d 458, 463.) The Illinois Appellate Court has recognized that there might be no significant disparity in standards of proof between acts charged as common law negligence and the same acts charged as violations of the construction act, where, as here, the acts charged are substantially the same. *Richard v. Illinois Bell Telephone Co.* (1978), 66 Ill. App. 3d 825, 849-51.

■ The construction statute itself contains no provision that either permits or prevents third-party actions. The act (Ill. Rev. Stat. 1981, ch. 121, par. 314.6) has been said to indicate merely an intention to create a cause of action for persons damaged by a wilful or knowing violation of the statute. (*Parson v. Illinois Bell Telephone*

*Co.* (7th Cir. 1973), 481 F.2d 458, 463.) Here, of course, the third-party plaintiff suffered no injuries as a result of any alleged violation of the statute. She seeks to recoup part of the amount she paid to the injured employee as contribution based upon the relative degree that her conduct and the employer's conduct proximately caused the injury to the plaintiff, employee. This is the same in substance as her claim for contribution on the basis of the contribution statute and the interposing of the construction statute, in our view, raises no additional rights to contribution. Charges of violation of the statute and charges of common law negligence are interchangeable. (*Richard v. Illinois Bell Telephone Co.* (1978), 66 Ill. App. 3d 825, 851.) In this view, the references to active-passive theories of negligence are not relevant.

The result which we have reached, in our view, is mandated by *Skinner* and by the legislative enactment of the doctrine of that case in the contribution statute. The judgment of the circuit court of Winnebago County is reversed. The cause is remanded with instructions to vacate the order dismissing the amended complaint and for further proceedings consistent with this opinion.

Reversed and remanded.

LINDBERG and NASH, JJ., concur.