LAKE MOTOR FREIGHT, INC., Plaintiff-Appellant, *v.* RANDY TRUCK-ING, INC., Defendant-Appellee.

First District (5th Division)   No. 82—2515

Opinion filed September 30, 1983.

Arnold and Hennessy, of Chicago (William L. Arnold and Randall F. Peters, of counsel), for appellant.

Law Offices of William E. Phillips, of Chicago, for appellee.


JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from a judgment which dismissed its cause of action for contribution from an alleged joint tortfeasor, and we are presented with two questions of law.

1. Can a tortfeasor who settles a claim filed against it by the employee of a third-party obtain contribution from the employer under "An Act in relation to contribution among joint tortfeasors" (the Contribution Act) (Ill. Rev. Stat. 1981, ch. 70, par. 301 *et seq.*) even though the employer is immunized from common law and statutory liability to the employee under section 5(a) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(a))?

2. Under sections 2(c) and (e) of the Contribution Act (Ill. Rev. Stat. 1981, ch. 70, pars. 302(c), (e)), is it possible for a release given to a named tortfeasor to extinguish the liability of an alleged tortfeasor who is not specifically named in the release?

The answer to the first question is no, and the answer to the second question is yes. We accordingly affirm in part and reverse in part.

The following allegations are taken from the complaint and are material to our decision.

On March 14, 1980, there was a multivehicle collision on the Dan Ryan Expressway involving trucks owned and operated by plaintiff (Lake Motor Freight, Inc.) and defendant (Randy Trucking, Inc.). Among the individuals injured by this accident were Martin R. McGovern, an employee of Randy Trucking, and Robert A. Brudnicki, the operator of a third vehicle. Brudnicki and McGovern filed negligence actions against plaintiff, and these claims were settled, respectively, for $7,500 and $24,500.

In settling their claims, Brudnicki and McGovern each signed a release which states, in part, that the sums listed above were paid by plaintiff "to the undersigned and their attorney by or on behalf of all other persons, firms or corporations liable or who might be claimed to be liable or who may have contributed as a cause to any injuries which are the subject matter of this release including Lake Motor Freight, Inc. ***."

The complaint further alleges that one of the causes of the accident was defendant's negligence, and it seeks recovery "for all amounts paid in settlement above [plaintiff's] pro rata share of lia-

bility."

Ruling on a defense motion, the circuit court entered a judgment dismissing the cause of action on the ground that "Lake Motor Freight, Inc., does not have a right of contribution against Randy Trucking, Inc., since the releases executed by Martin McGovern and Robert Brudnicki do not extinguish the liability of Randy Trucking, Inc."

OPINION

■ Defendant initially argues that it is not liable to plaintiff under the Contribution Act for the settlement with its employee, McGovern, because, by operation of section 5(a) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.5), it is not "subject to liability in tort" for McGovern's injuries—a precondition to liability under the Contribution Act. (See Ill. Rev. Stat. 1981, ch. 70, par. 302(a).) For the reasons given below, we agree with defendant.

When an employee's injury is compensable under the Workers' Compensation Act, section 5(a) of the Act provides that the employee has "[n]o common law or statutory right to recover damages from the employer ***." (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(a).) However, the supreme court held, in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, that when an employee is injured by joint tortfeasors and one of the tortfeasors files an action seeking contribution from the employer, "The fact that the employee's action against the employer is barred by the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, pars. 138.5, 138.11) would not preclude the [joint tortfeasor's] third-party action against the employer for indemnification (*Miller v. DeWitt* [1967], 37 Ill. 2d 273[, 226 N.E.2d 630]) and should not serve to bar its action for contribution." 70 Ill. 2d 1, 15-16.

The General Assembly enacted the Contribution Act after *Skinner* was decided (1979 Ill. Laws 2347), and section 2(a) of the Act provides a right of contribution only in cases "where 2 or more persons are *subject to liability in tort* arising out of the same injury to person or property, or the same wrongful death ***." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 70, par. 302(a).) Therefore, when an alleged tortfeasor settles a claim, the claimant's employer is not subject to liability under the Contribution Act unless the employer

is "subject to liability [to the employee] in tort." Ill. Rev. Stat. 1981, ch. 70, par. 302(a).

We find that when an injury is compensable under the Workers' Compensation Act, the employer is not "subject to liability in tort" for the employee's injury, and the employer is not liable for contribution under the Contribution Act. Not only does section 5(a) of the Workers' Compensation Act immunize an employer from common law and statutory liability for injuries which are covered by the Act, but when an injured employee seeks compensation under the Act, "[t]he liability of the employer, instead of being a liability in tort, is a liability imposed by law, and is rather in the nature of an implied contract by reason of the relation of the parties or the existence of an obligation or duty." (*Keller v. Industrial Com.* (1932), 350 Ill. 390, 397, 183 N.E. 237.) In other words, as a result of this "statutory duty—this obligation imposed by law—there was implied in law a promise to perform it which was contractual in its nature." 350 Ill. 390, 398.

Since section 5(a) immunizes an employer from common law and statutory liability for a compensable injury, and proceedings under the Workers' Compensation Act are "contractual in its nature" (350 Ill. 390, 398), an employer is not "subject to liability in tort" for compensable injuries, and in such cases there is no right to contribution against an employer under the Contribution Act. Although the Illinois Contribution Act "makes no reference to the *Skinner* problem [of contribution against an employer for a compensable injury] its language clearly does not support contribution on the *Skinner* facts. It authorizes contribution where two or more persons are subject to liability *in tort* arising out of the same injury." (2A A. Larson, The Law of Workmen's Compensation sec. 76.39, at 14—624 (1982).) It therefore appears that the Contribution Act was intended to modify what has been called the *Skinner* decision's "almost complete failure to give any weight to the component of exclusiveness of the compensation remedy." (2A A. Larson, The Law of Workmen's Compensation sec. 76.39, at 14—625 (1982).) See also Horan, *Contribution in Illinois: Skinner v. Reed-Prentice and Senate Bill 308*, 61 Chi. Bar. Rec. 331, 332 (1980).

■ Our decision on this issue is reinforced by rulings in other jurisdictions. Section 2(a) of the Illinois Contribution Act is patterned on section 1(a) of the Uniform Contribution Among Tortfeasors Act (the Uniform Contribution Act), which provides for contribution "where two or more persons become jointly or severally

*liable in tort* for the same injury \*\*\*." (Emphasis added.) (Uniform Contribution Act sec. 1(a), Uniform Laws Annotated (1955 version).) The drafters of the Uniform Contribution Act acknowledged that "[t]he language used [in section 1(a), taken from the 1939 version of the Uniform Contribution Act] has been adequate to exclude cases where the person from whom contribution is sought was not liable to the injured person." 12 Uniform Laws Annotated, Civil Proc. & Rem. Laws, Commissioners' Comment, at 64 (Master ed. 1975).

Furthermore, the nearly uniform rule is that an employer is not subject to contribution when an injury is covered by a Workers' Compensation Act and contribution is sought under a law which is patterned on the Uniform Contribution Act. (*Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp.* (Fla. App. 1977), 353 So. 2d 137, 139, *aff'd* (Fla. App. 1978), 382 So. 2d 878. See, *e.g., Cacchillo v. H. Leach Machinery Co.* (1973), 111 R.I. 593, 596, 305 A.2d 541, 543; *Diamond State Telephone Co. v. University of Delaware* (Del. 1970), 269 A.2d 52, 55; *Baltimore Transit Co. v. State, to Use of Schriefer* (1944), 183 Md. 674, 679, 39 A.2d 858, 860.) See also Purcell, *The Effect of Workers' Compensation Laws on the Right of a Third Party Liable to an Injured Employee to Recover Contribution or Indemnity From the Employer,* 9 Seton Hall L. Rev. 238, 264 (1978).

Plaintiff argues that an employer would be unjustly enriched if it could recoup its compensation payments from the amount its employee recovers by settling a claim against a joint tortfeasor (see Ill. Rev. Stat. 1981, ch. 48, par. 138.5) while, at the same time, using its immunity from common law and statutory liability to avoid having to pay its pro rata share of the settlement paid to its employee.

We agree that,

> "The fact than an employer is allowed to avoid further liability may seem unfair' to some, but the unfairness lives not in the law of contribution, but in the policy underlying the Workmen's Compensation Act, which provides strict liability and specialized benefits for all injuries to insured employees." *Cacchillo v. H. Leach Machinery Co.* (1973), 111 R.I. 593, 597, 305 A.2d 541, 543.

Plaintiff also points out that in *Doyle v. Rhodes* (1982), 109 Ill. App. 3d 590, *appeal allowed* (1983), 92 Ill. 2d 574, the second district held that, under the Contribution Act, a third-party can obtain contribution from an employer even if the injury in question is covered by the Workers' Compensation Act. Nevertheless, for the rea-

sons given below, we find *Doyle* unpersuasive.

The decision in *Doyle* is based upon a so-called "legislative history" of the statute which states, in part, that:

> "It is further the intent of the committee that the right of contribution thus created [by the proposed Act] be recognized as founded upon the doctrine of unjust enrichment. The right is a separate right of restitution. It is not a derivative right and thus is not barred by any common law or statutory immunity which would preclude the prime claimant from pursuing an action directly against the party from whom contribution is sought. For example, the immunity of an employer to any common law action sought to be brought by an employee will not prevent one held liable to that employee from seeking contribution from the employer." Legislative History 1, 2 (Chi. Bar Ass'n 1981).

This document is quoted, and treated as the report of a legislative committee, in *Doyle* and the line of cases upon which it is based. *Doyle v. Rhodes* (1982), 109 Ill. App. 3d 590, 592-93, 440 N.E.2d 895; *Larson v. Buschkamp* (1982), 105 Ill. App. 3d 965, 969, 435 N.E.2d 221; *Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, 1080-82, 430 N.E.2d 236. See also R. Clark, *Comparative Contribution: The Legislative Enactment of the Skinner Doctrine*, 14 J. Mar. L. Rev. 173, 173 n.6, 193 (1980) (quoting and relying upon the "Legislative History" as the report of a legislative committee).

We have examined this so-called "legislative history" and we find that it does not even purport to be a report issued by a committee of the General Assembly. Instead, an internal reference indicates that the document merely represents the views of the Civil Practice Committee of the Chicago Bar Association. There is nothing to indicate that the General Assembly ever considered or adopted the views contained in this bar association report, and we find that it is not appropriate to give it the deference which it received in *Doyle, Larson* and *Wirth.*

The pertinent portion of the Illinois Contribution Act is based upon the Uniform Contribution Act, and to further the goal of uniformity in such laws courts generally "defer to decisions of other states and will construe the statute in accordance with the construction given to the same statute in other jurisdictions." (2A Sutherland on Statutes and Statutory Construction sec. 52.05, at 340 (3d ed. 1973).) More importantly, "When a statute is adopted from an-

other State and has been previously construed by the courts of that State the statute is presumed to have been adopted with the construction placed upon it." *Kerner v. Thompson* (1936), 365 Ill. 149, 155, 6 N.E.2d 131.

Based on all the reasons given above, we find that the General Assembly intended to adopt the nearly unanimous rule that when an employee's injury is covered by the Workers' Compensation Act, the employer is not "subject to liability in tort," and is not liable under the Contribution Act. It may be that the General Assembly did not fully realize the import of the language it used, but if so this can only be rectified by the General Assembly, not by the courts.

■ Next, we consider defendant's argument that it is not subject to liability under the Contribution Act on the grounds that the release signed by Brudnicki did not extinguish its liability.

Section 2(e) of the Contribution Act states that "[a] tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement." (Ill. Rev. Stat. 1981, ch. 70, par. 302(e).) The pertinent portion of section 2(c) provides:

"When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death *unless its terms so provide* ***." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 70, par. 302(c).

The release executed by Brudnicki discharged from liability "all" defendants and potential defendants "including Lake Motor Freight, Inc.," the plaintiff in the present action. According to defendant, however, even though it is one of "all" the potential defendants, "including" plaintiff, it was not discharged from liability because—unlike plaintiff—it was not specifically named in the release.

The pertinent portion of section 2(c) of the Illinois Act is based on section 4(a) of the Uniform Act (Uniform Contribution Act sec. 4(a), Uniform Laws Annotated (1955 version)), and we again consider cases on point from other jurisdictions. "The majority of cases from other jurisdictions have held that language releasing any and all persons in addition to the named parties satisfies the requirements of the Uniform Act 'unless the release so provides.' "

*Douglas v. United States Tobacco Co.* (8th Cir. 1982), 670 F.2d 791, 794. See also D. Horan, *Contribution in Illinois: Skinner v. Reed-Prentice and Senate Bill 308*, 61 Chi. Bar Rec. 331, 336 (1980) ("The plaintiff's release must specifically name all possible tortfeasors and/or contain language showing that the intent of the [injured claimant] is to extinguish entirely the common liability").

We agree that,

> "If [defendant's] views were sound, we would have to read this requirement of the Act to be 'does not discharge the other tortfeasors unless the release so provides *by specifically naming the other tortfeasors.*' We must reject such a proposed construction as strained and unrealistic. We think a release can 'so provide' without so naming the other tortfeasors, and that such was accomplished in this case." *Hodges v. United States Fidelity & Guaranty Co.* (D.C. App. 1952), 91 A.2d 473, 476 (construing a portion of the 1939 Uniform Act which was retained in the 1955 version).

Based upon all the reasons given above, we affirm the judgment of the circuit court insofar as it dismissed the portion of plaintiff's action which sought contribution for the settlement with Martin R. McGovern. Also, we reverse the portion of the judgment which dismissed plaintiff's action to obtain contribution for the settlement with Robert A. Brudnicki, and we remand for further proceedings.


Affirmed in part; reversed in part; and cause remanded.


WILSON, P.J., and SULLIVAN, J., concur.