JOHN P. O'DONNELL, Plaintiff-Appellant, *v.* AMERICAN HONDA MOTOR COMPANY, INC., Defendant-Appellee (Dorothy Caiozzo *et al.*, Defendants).

First District (3rd Division)   Nos. 83—1519, 83—1521 cons.

Opinion filed June 13, 1984.

William D. Maddux & Associates, of Chicago (William D. Maddux and Bruce M. Lane, of counsel), for appellant.

Cassiday, Schade & Gloor, of Chicago (John J. Pappas and Timothy J. Ashe, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court.

On August 28, 1978, plaintiff, John P. O'Donnell, was severely injured when his motorcycle, a Honda 750 CB, was struck by a truck driven by defendant, Dorothy Caiozzo. Plaintiff's injuries included a ruptured diaphragm, hematoma of the left chest, fracture of left tibia and fibula, fracture of right wrist and vocal cord paralysis, and he was rendered paraplegic. On November 29, 1978, plaintiff executed a document entitled, "General Release, Husband and Wife" which purported to release Joseph and Dorothy Caiozzo and "all other persons, firms, and corporations, of and from any and all claims, demands, rights, and causes of action, of whatsoever kind or nature arising from or by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries *** resulting, and to result" from the accident. Plaintiff received $46,900 of a $50,000 insurance policy held by Dorothy Caiozzo as consideration for the release.

On April 2, 1980, plaintiff filed a complaint for injuries resulting from the motorcycle accident. Dorothy Caiozzo, American Honda Motor Company, Inc., manufacturer of the motorcycle, and Sport Motor, distributor of the motorcycle, were joined as defendants to the action. Count I of the plaintiff's complaint set forth the facts of the accident and the execution of the release. The complaint alleged that the release was entered into under a mutual mistake of fact in that the parties believed that plaintiff's motorcycle was sound and that Dorothy Caiozzo was the only party liable for plaintiff's injuries. The complaint prayed that the release be set aside or in the alternative treated as a covenant not to sue. Count II of the complaint alleged that plaintiff's Honda 750 CB motorcycle was equipped with defective throttle cables which prevented plaintiff from braking and thus avoiding the accident. Plaintiff sought recovery under a products liability theory.

On November 3, 1981, Honda filed a motion to dismiss plaintiff's

complaint, pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 48), on the grounds that the release barred plaintiff's action. Plaintiff, in turn, filed a motion for partial summary judgment seeking to set aside the release on the grounds of mutual mistake. The trial court denied both motions finding that (1) section 2(c) of the Contribution Act (Ill. Rev. Stat. 1979, ch. 70, par. 302(c)) does not require that a tortfeasor be specifically named in a release to be discharged from liability, and (2) there existed an issue of fact as to whether a mutual mistake of fact was made by the parties at the time the release was executed. At the request of the parties the trial court certified three questions for review:

### I

Whether Illinois public policy permits the application of the mutual mistake of fact doctrine to set aside a validly executed release when the plaintiff fails to recognize, at the time of the execution of the release, a potential cause of action against another tortfeasor.

### II

Whether a genuine issue of material fact exists in this case as to whether the settling parties made a mutual mistake of fact at the time of the execution of the release with regard to whether there was a defect in the motorcycle driven by the plaintiff at the time of the occurrence.

### III

In an Illinois post-Contribution Act action, whether a release is not a discharge of other tortfeasors unless they are specifically named or otherwise clearly identified.

We consider first the question of specificity under the Illinois Contribution Act. Section 302(c) of the Act provides:

"(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death *unless its terms so provide* ***." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 70, par. 302(c).)

Plaintiff advocates an interpretation of section 2(c) whereby a release would not discharge other tortfeasors unless they were specifically named or so clearly identified as to justify the conclusion that the par-

ties intended to release those tortfeasors. In *Alsup v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, our supreme court addressed this issue and held that a release will not discharge other tortfeasors from liability unless they are designated by name or otherwise specifically identified. The court, however, made application of the *Alsup* holding prospective to releases executed after January 20, 1984. The release in the present case was executed on November 29, 1979. The *Alsup* holding is therefore inapplicable. We hold that the language of the release purporting to discharge "all other persons, firms and corporations" satisfied the "unless its terms so provide" requirement of the Illinois Contribution Act, and was broad enough to discharge Honda from all claims arising by reason of the bodily injuries suffered by plaintiff. *Trexler v. Hubbard* (1983), 118 Ill. App. 3d 697, 455 N.E.2d 274; *Lake Motor Freight, Inc. v. Randy Trucking, Inc.* (1983), 118 Ill. App. 3d 626, 455 N.E.2d 222.

We consider next the validity of the release. A release or a covenant not to sue may be set aside if the agreement was entered into through a mutual mistake of fact. (*McComb v. Seestadt* (1981), 93 Ill. App. 3d 705, 417 N.E.2d 705; *Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 111, 387 N.E.2d 878; *Ogren v. Graves* (1976), 39 Ill. App. 3d 620, 350 N.E.2d 249.) The mistake must be mutual, material to the transaction and affects its substance. (*Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 111.) It is not the burden of the defendant to establish the absence of a mutual mistake of fact. (70 Ill. App. 3d 106, 111.) The party contending that a release was secured as a result of fraud, misrepresentation or mistake must prove such by clear and convincing evidence. *Ogren v. Graves* (1976), 39 Ill. App. 3d 620, 622; *Child v. Lincoln Enterprises, Inc.* (1964), 51 Ill. App. 2d 76, 82, 200 N.E.2d 751.

In the instant case, here on a motion to dismiss based on a release, valid on its face, the plaintiff has the burden to allege and prove that a material issue of fact existed which would invalidate the agreement. (*Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 114.) We agree with the trial court that a material issue of fact existed sufficient to invalidate the release. Plaintiff received $46,900 from Dorothy Caiozzo as consideration for the execution of the release. Plaintiff accepted this amount because Dorothy Caiozzo did not have any other assets and the parties believed her to be the only party liable for plaintiff's injuries. Underlying their belief was the assumption that the motorcycle was nondefective. Plaintiff testified in his deposition that he first became aware that something might have been wrong with his motorcycle more than a year after the release was executed.

Dorothy Caiozzo testified at her deposition that she was unaware of possible defects in plaintiff's motorcycle. Moreover, defendants could not be heard to say that Dorothy Caiozzo knew of any defect in the motorcycle since her actions in obtaining the release would then be fraudulent. (*Early v. Martin* (1947), 331 Ill. App. 55.) Implicit in the great disparity between the possible recovery under a products liability theory (the court estimated that plaintiff would recover more than $1 million in a products liability action) and the consideration received by plaintiff was the assumption that the motorcycle was sound. (331 Ill. App. 55, 62.) We find that there existed a material question of fact sufficient to invalidate the release. Accordingly, we hold that the trial court properly denied Honda's motion to dismiss the complaint. *Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 115.

Since we find that there was a mistake of fact in this case pertaining to the condition of the motorcycle, we do not address Honda's contention that Illinois public policy prohibits the application of the mutual-mistake-of-fact doctrine to set aside a release when the mistake consists of failure to recognize a potential cause of action against another tortfeasor.

For the aforementioned reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI, P.J., and McNAMARA, J., concur.