(No. 59327

MICHAEL KENT TREXLER, Appellant, v. CHRYSLER CORPORATION, Appellee.—MICHAEL KENT TREXLER, Appellant, v. JOHN L. HUBBARD *et al.,* Appellees.

*Opinion filed October 19, 1984.*

Stephen O. Willoughby, of Bennett, Willoughby & Latshaw, P.C., of Decatur, for appellant.

Cassiday, Schade & Gloor, of Chicago (John J. Pappas and Debra K. Marcus, of counsel), for appellee Chrysler Corporation.

Craig & Craig, of Mattoon (Richard F. Record, Jr., of counsel), for appellees John L. Hubbard and J. H. Weiner.

Erickson, Davis, Murphy & Paine, Ltd., of Decatur (Garry E. Davis and Theodore E. Paine, of counsel), for appellee Boyd E. Nelson.

Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur (Evan H. Johnson and Daniel L. Gaumer, of counsel), for appellee Robert R. Kraus.

LeFevre, Zeman & Oldfield Law Group, Ltd., of Vandalia (S. Gene Schwarm, of counsel), for appellee Fayette County Hospital.

Jerald E. Jackson and Mark E. Jackson, of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellee Decatur Memorial Hospital.

Ross & Hardies, of Chicago (R. Marlin Smith and Eric S. Palles, of counsel), for *amicus curiae* Firestone Tire & Rubber Company.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Michael Kent Trexler, a disabled adult, by his father and guardian, Larry Eugene Trexler, appealed from the judgments of the circuit court of Macon County entered in favor of the defendants in two separate actions brought on Michael's behalf to recover damages for injuries suffered when the van in which he was riding overturned. In the suit against defendant Chrysler Corporation plaintiff alleged the defective manufacture of the van, and in the other action defendants, two hospitals and several physicians, were charged with negligent treatment of Michael's injuries. The circuit court allowed defendant Chrysler's motion for summary judgment and the motions to dismiss of the other defendants. The appellate court affirmed (118 Ill. App. 3d 697), and we allowed plaintiff's petition for leave to appeal (87 Ill. 2d R. 315).

The circuit court allowed defendants' motions on the ground that a release executed by plaintiff served to release all claims against these defendants. The release stated that it released Timothy Clayton, the driver of the van, certain named insurance companies, "and all other persons, firms, corporations, associations or partnerships" from claims which "now have or which may here-

after accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries *** and the consequences thereof resulting" from the occurrence when the van overturned. None of the defendants was mentioned by name in the release. The appellate court, citing *Porter v. Ford Motor Co.* (1983), 96 Ill. 2d 190, affirmed the judgments.

In *Alsup v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, we held that the Contribution Act (Ill. Rev. Stat. 1979, ch. 70, par. 302(c)) requires that any release must "specifically identify the other tortfeasors in order to discharge their liability ***." (101 Ill. 2d 196, 202.) Here, as in *Alsup,* the releases referred to " 'all other persons, firms, and corporations, both known and unknown' " (101 Ill. 2d 196, 197), but no defendant here involved is named or specifically identified. Accordingly, we hold that the release did not serve to release the claims which plaintiff might have against these defendants.

In *Alsup* we made our holding applicable "prospective[ly] to releases from liability executed after *** January 20, 1984." (101 Ill. 2d 196, 203.) Although the release in this case was executed prior to that date, we conclude that *Alsup* should nevertheless apply. The petition for leave to appeal in this cause was pending when the opinion in *Alsup* was filed and was allowed before *Alsup* was modified. We consider that the circumstances here are similar to those present when we decided *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, *Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, and *Robinson v. International Harvester Co.* (1977), 70 Ill. 2d 47. Although the holding of *Skinner* with respect to contribution was made prospective in application to all other causes, it was applied to *Stevens* and *Robinson.* This case was pending before us

when *Alsup* was decided, and justice and equity require similar treatment here.

Defendants contend that application of the rule in *Alsup* to this case would violate their constitutional rights. Simply stated, their contention is that certain rights vested prior to the enactment of the Contribution Act and that these rights are entitled to constitutional protection. We do not agree. "No person has a vested right in any rule of law entitling him to insist that it shall remain unchanged for his benefit." (*Maki v. Frelk* (1968), 40 Ill. 2d 193, 196.) No constitutional right is violated by changing a remedy available at common law. (*Grasse v. Dealer's Transport Co.* (1952), 412 Ill. 179, 190.) A vested right must be based upon more than an expectation of the continuance of existing law, and we find no such vested right in this case.

For the reasons stated we reverse the judgments of the appellate and circuit courts, and the causes are remanded to the circuit court of Macon County for further proceedings.

*Judgments reversed;*
*causes remanded.*