MARGARET KOLAR, Plaintiff-Appellant, v. ASOK K. RAY *et al.,* Defendants-Appellees.

First District (3rd Division)   No. 85—1918

Opinion filed March 31, 1986.—Rehearing denied May 13, 1986.

Lane & Munday, of Chicago (Fred Lane and Michael K. Ronin, of counsel), for appellant.

Cassiday, Schade & Gloor, of Chicago (Michael J. Morrissey and Peter J. Borzeka, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

After plaintiff, Margaret Kolar, fell on ice and was injured, she brought a negligence action against the property owner and an action for subsequent medical malpractice against defendants, Dr. Asok K. Ray, Dr. Robert S. Kaminski and Berwyn Orthopedic Surgeons, Inc. As a result of plaintiff's settlement with the property owner releasing it from any liability, the trial court dismissed the medical malpractice suit against defendants. Plaintiff appeals.

On December 15, 1978, plaintiff slipped and fell on ice and was treated by defendants for a fractured leg and arm. Plaintiff filed suit against the property owner, and sued defendants for medical malpractice alleging that they negligently set her fractured leg.

On October 29, 1982, plaintiff released the property owner under a settlement agreement. The agreement also released "all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions [and] causes of action *** which the [plaintiff] now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen, bodily and personal injuries and *** the consequences thereof resulting or to result from the accident ***."

The trial court initially denied defendant's section 2—619 motion to dismiss (Ill. Rev. Stat. 1981, ch. 110, par. 2—619) on the basis that a question of fact remained as to whether the injuries caused by the property owner and by defendants were separate injuries. The trial court granted defendants' request for a rehearing and, on the basis of *Trexler v. Hubbard* (1983), 118 Ill. App. 3d 697, 455 N.E.2d 274, *rev'd on other grounds* (1984), 104 Ill. 2d 26, 470 N.E.2d 300, granted defendants' motion to dismiss. The court found that the original tortfeasor property owner was potentially liable for defendants' acts and thus its release also released the defendants. The issue before us is whether plaintiff's release of the property owner from liability for negligence operated as a release of defendants from liability for subsequent medical malpractice.

Under Illinois law, an original tortfeasor is liable for both the

original injury and for any aggravation of that injury caused by a physician's negligent treatment, absent the want of ordinary care in selecting the physician. (*Gertz v. Campbell* (1973), 55 Ill. 2d 84, 302 N.E.2d 40.) The release of the original tortfeasor would also release the physician. (*Tidwell v. Smith* (1960), 27 Ill. App. 2d 63, 169 N.E.2d 157.) The release, however, is not an obstacle if the physician's negligent treatment did not merely aggravate the original injury, but instead resulted in a new, separate injury. (*Gertz v. Campbell* (1973), 55 Ill. 2d 84, 302 N.E.2d 40; *Anderson v. Martzke* (1970), 131 Ill. App. 2d 61, 266 N.E.2d 137. See generally 76 C.J.S. *Release* sec. 50, at 691 (1952); *Hansen v. Collett* (1963), 79 Nev. 159, 380 P.2d 301 (extensively discussing split in authority on this question). See also *Hartley v. St. Francis Hospital* (1964), 24 Wis. 2d 396, 129 N.W.2d 235 (conclusive presumption exists that general release covers compensation for injuries caused by subsequent medical malpractice prior to execution of release unless plaintiff expresses otherwise in language of release).) We must first determine whether plaintiff's complaint charged that defendants' acts merely aggravated the original injury or created a new injury.

■ Cases finding that doctors created new injuries often involve either injuries to different parts of the body or gross negligence on the part of the doctors. (See, *e.g., Anderson v. Martzke* (1970), 131 Ill. App. 2d 61, 266 N.E.2d 137 (original injury to foot; negligently administered shot in plaintiff's arm caused separate new injury to arm; *Fletcher v. Hand* (D.C. Cir. 1966), 358 F.2d 549 (applying Virginia law) (liability of original tortfeasor does not extend to cover doctor's misconduct which was extraordinary and not normally inherent in medical care); see generally Annot., 39 A.L.R.3d 260, sec. 3(b), at 270-73 (1971).) In the present case, the same fractured leg bone was affected by both defendants' alleged negligence and the original tortfeasor's act. The relevant allegation in plaintiff's complaint reads: "[D]efendants carelessly negligently and unskillfully set and reduced the fracture of Plaintiff's injured leg, and so negligently, carelessly, and unskillfully attended Plaintiff's fractured upper leg (femur) that it healed improperly and became displaced and out of its natural position and condition, and Plaintiff's said leg became malaligned." The complaint did not even suggest gross negligence, nor did it allege an injury to a different part of the body. The trial court properly found that defendants' alleged negligence aggravated the original injury and did not create a new and separate injury.

Plaintiff cites *Gertz v. Campbell* (1973), 55 Ill. 2d 84, 302 N.E.2d 40, and *Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418, 328 N.E.2d 301, to support her contention that defendants here inflicted a new and sep-

arate injury to the leg. We find that these cases stand for a different proposition. *Gertz* and *Borowski* each involved a plaintiff whose leg was injured in an automobile crash, a doctor's delay in treating the leg, and subsequent amputation of the leg. Both cases revolved around the issue of whether the original tortfeasors and the subsequent treating doctors were joint tortfeasors, which is not an issue here.

In *Gertz*, the court found that the original tortfeasor and the treating doctor were not joint tortfeasors because they did not act in concert to bring about the amputation of plaintiff's leg. Thus, the original tortfeasor was permitted to turn to the doctor for contribution, notwithstanding the rule prohibiting contribution between joint tortfeasors. In the present case, contribution between joint tortfeasors is not an issue.

In *Borowski*, the court found that the original tortfeasor and the doctor were not joint tortfeasors. Thus, a jury instruction defining proximate cause, implying the doctor could be liable for both the original injury and the subsequent aggravation, was improperly given in the action against the doctor. The question whether the doctor is liable for all damages sustained is not an issue here. The courts in *Gertz* and *Borowski*, therefore, did not decide the issue before us, *i.e.,* whether the release of an original tortfeasor also releases the doctor.

Having determined that defendants aggravated the original injury and that the original tortfeasor would be liable for that aggravated injury, we now address whether the release on its face purports to release defendants in addition to the property owner.

■ At common law the release of one tortfeasor released all tortfeasors, even if the others were expressly excluded, but the applicable statute has abolished this rule: "When a release *** is given in good faith to one or more persons liable in tort arising out of the same injury ***, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide ***." (Ill. Rev. Stat. 1981, ch. 70, par. 302(c). Compare *Alsup v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, 199, 461 N.E.2d 361 (holding prospectively from January 20, 1984, that under section 302(c) only those persons specifically identified in the release are discharged under the release).) This court has previously held that language such as that found in the present release purporting to discharge "all other persons, firms, corporations, associations or partnerships" satisfies the "unless its terms so provide" requirement in the Act. (*O'Donnell v. American Honda Motor Co.* (1984), 125 Ill. App. 3d 63, 465 N.E.2d 570; *Trexler v. Hubbard* (1983), 118 Ill. App. 3d 697, 455 N.E.2d 274, *rev'd on other grounds* (1984), 104 Ill. 2d 26, 470 N.E.2d 300; *Lake Motor Freight,*

*Inc. v. Randy Trucking, Inc.* (1983), 118 Ill. App. 3d 626, 455 N.E.2d 222.) Thus, the language in the release at issue is broad enough to discharge defendants in addition to the named property owner.

We recognize that the intent of the parties to the release controls the scope of the release. (*Porter v. Ford Motor Co.* (1983), 96 Ill. 2d 190, 449 N.E.2d 827; *Whitehead v. Fleet Towing Co.* (1982), 110 Ill. App. 3d 759, 442 N.E.2d 1362.) Consequently, in order to determine whether the release at issue bars the action against the treating physicians, we must determine the intent of the plaintiff and property owner when they signed the release. We look to the release itself to determine its scope. Where a written agreement is clear and explicit, a court must enforce it as written. (*Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 472 N.E.2d 791.) The meaning of the instrument and the intention of the parties must be determined from the face of the document without the assistance of parol evidence and other intrinsic aids. (*Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 472 N.E.2d 791; *Trexler v. Hubbard* (1983), 118 Ill. App. 3d 697, 455 N.e.2d 274, *rev'd on other grounds* (1984), 104 Ill. 2d 26, 470 N.E.2d 300.) The release in the present case states that the plaintiff releases the named property owner and "all other persons, firms, corporations, associations or partnerships of and from any and all claims \*\*\* which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen \*\*\* consequences [of the accident] \*\*\*." In *Rakowski,* we found similar language to be comprehensive, precise and unambiguous, thus precluding our consideration of any parol evidence. Plaintiff knew when she executed the release that her claim against defendants grew out of the accident and that the results of defendants' conduct were included in the "known and unknown, foreseen and unforeseen" consequences of the accident. Nothing in the release supports plaintiff's contention that the parties to the release did not intend to discharge defendants. Moreover, holding parties to the language of their release has the result of encouraging settlements. (*Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 472 N.E.2d 791.) Thus, we hold that the release operates to discharge defendants from any liability.

Accordingly, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Judgment affirmed.

McGILLICUDDY and WHITE, JJ., concur.