PEARSON BROTHERS COMPANY, INC., Third-Party Plaintiff-Appellant, v. STEPHEN ALLEN, Third-Party Defendant-Appellee (VCV Engineering & Supply, Inc., Third-Party Plaintiff).

Fourth District No. 4—84—0680

Opinion filed March 21, 1985.

Heyl, Royster, Voelker & Allen, of Springfield (Gary L. Borah, of counsel), for appellant.

James J. Elson, Chartered, of Canton (James J. Elson and Walter D. Barra, of counsel), for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

This case concerns the application of section 2(e) of "An Act in relation to contribution among joint tortfeasors" (the Act). It states:

"A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement." (Ill. Rev. Stat. 1983, ch. 70, par. 302(e).)

Paragraph (c) of section 2 of the Act (Ill. Rev. Stat. 1983, ch. 70, par.

302(c)) requires that any such settlement be in good faith. Only those persons or entities specifically designated in such an instrument are released thereby. (*Alsup v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, 461 N.E.2d 361.) Here, an alleged tortfeasor who has settled with the estate of the injured party contends that, despite the express language of section 2(e), the tortfeasor is not barred from obtaining contribution from an alleged joint tortfeasor who was not specifically named in the release instrument and whose liability was not extinguished by the settlement. We reject the contention and hold that no right of contribution exists.

The case began when Evelyn Allen, executor of the estate of Gerald C. Allen, deceased, brought suit against Pearson Brothers Company, Inc. (Pearson Brothers), and VCV Engineering & Supply, Inc. (VCV), in the circuit court of Menard County. The complaint alleged that Gerald Allen's death on January 23, 1980, occurred when he allegedly became entangled in the power takeoff shaft of a farm implement manufactured by Pearson Brothers and distributed by VCV. The suit was both a survival action and a wrongful death action. Stephen Allen, the owner of the implement, was not sued by the estate of Gerald Allen.

Ultimately, both Pearson Brothers and VCV brought third-party contribution actions against Stephen Allen. The Pearson Brothers' suit was filed April 4, 1984. The trial court severed the contribution actions from the underlying case. On May 4, 1984, which was after the effective date of *Alsup*, the underlying case was settled. In exchange for the payment of $14,250 by Pearson Brothers to plaintiff, the latter executed a document of that date which released Pearson Brothers and VCV and purported to also release "any and all other persons and entities" from liability arising from the occurrence in question. On August 20, 1984, the trial court allowed Stephen Allen's motion to dismiss the complaints against him for contribution. Pearson Brothers, who paid consideration for the release from plaintiff, has appealed. VCV, which had given no consideration for the release, has not appealed.

■ The trial court's decision was based upon reasoning that (1) under the holding in *Alsup*, the failure of the settlement document to specially name Stephen Allen as a person to whom the release ran prevented him from being a person whose liability to plaintiff was thereby released, and (2) accordingly, the lack of release of that liability prevented Stephen Allen from being a person against whom Pearson Brothers could seek contribution under section 2(e). We agree and affirm.

The major thrust of Pearson Brothers' argument is that we should give an equitable rather than literal interpretation to section 2(e) in order to do justice between the parties. It notes that the Act was based upon similar legislation in other States (*Alsup v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, 461 N.E.2d 361) and asks us to give consideration to interpretations given by other States, particularly interpretations made before the Act was enacted in 1978. Our attention is called to *Mong v. Hershberger* (1962), 200 Pa. Super. 68, 186 A.2d 427, where, under similar legislation, a tortfeasor who, by settlement, had partially relieved the liability of a joint tortfeasor was permitted to obtain contribution from that tortfeasor despite the existence of a provision very similar to section 2(e). Such an interpretation was deemed to be the controlling law of Pennsylvania in *Castillo v. Roger Construction Co.* (3d Cir. 1977), 560 F.2d 1146.

Pearson Brothers argues that the purpose of section 2(e) is to prevent a tortfeasor who is still subject to liability to an injured party from having to make contribution to a joint tortfeasor who has settled with the injured party. Here, Stephen Allen was not a party to the underlying litigation. Pearson Brothers asserts that during the course of the litigation and before settlement, the statute of limitations ran on plaintiff's claims against Stephen Allen. Accordingly, Pearson Brothers contends that Stephen Allen could only be liable for contribution and, if his tortious conduct was a proximate cause of the death and injury, Stephen Allen should be liable to pay fair contribution. We cannot ascertain from the record whether Stephen Allen has tolled the running of the statutory periods limiting action against him, but for reasons subsequently stated, we do not consider that factor to be determinative.

We reject the contention that we should not interpret section 2(e) to mean what it clearly states, *i.e.*, that a tortfeasor "who settles with a claimant *** is not entitled to contribution from another tortfeasor whose liability is not extinguished *by the settlement*." (Emphasis added.) (See *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 167 N.E.2d 169.) Section 2 presents a comprehensive scheme. Section 2(a) provides for rights to contribution except as otherwise provided in the Act. Section 2(b) limits recovery of contribution to a *pro rata* share and places a similar limit on the liability to make contributions. Section 2(c) requires a release to be given in good faith and states that release of one tortfeasor does not release others not listed but does reduce the recovery obtainable from others by the amount paid for the release. Section (d) provides that the tortfeasor who settles in good faith is immune from liability for contribution.

Section (f) concerns certain rights of subrogation. To give each provision a loose interpretation which appears to meet the equity of the situation could well destroy the symmetry of the scheme.

An obvious purpose of the Act is to reduce the amount of litigation. A limitation on the right to obtain contribution ought to reduce the amount of litigation. The situation where the statute of limitations runs on a joint tortfeasor or where a plaintiff chooses not to sue such a person is a rather rare occasion. We do not choose to torture the language of section 2(e) to permit the seeking of contribution here even though it might seem fair to do so. To disregard the limitation of section 2(e) each time it might seem fair to do so would cause intolerable confusion.

■ Pearson Brothers also claim that Stephen Allen was a person released by the settlement. They contend that the holding of *Alsup*, that under section 3(c) of the Act only those specifically named in the settlement document are released thereby, is applicable only to cases where the release is sought to bar action against other parties to the litigation. It contends that the "any and all persons" provision of the document was sufficient to release Stephen Allen. We disagree. We find nothing in *Alsup* to support such a contention, and the decision in *Trexler v. Hubbard* (1983), 118 Ill. App. 3d 697, 455 N.E.2d 274, cited in support of the contention was subsequently reversed. *Trexler v. Chrysler Corp.* (1984), 104 Ill. 2d 26, 470 N.E.2d 300.

We affirm the dismissal of the claim for contribution by Pearson Brothers against Stephen Allen.

Affirmed.

WEBBER and McCULLOUGH, JJ., concur.