THOMAS McNAMARA, Plaintiff-Appellant, v. RICHARD SHERMER *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 86—3498

Opinion filed June 17, 1987.

Donald J. Miller, of Forreston, for appellant.

David J. Pritchard and Patricia Cari Nowak, of Chicago (Rooks, Pitts & Poust, of counsel), for appellees.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Thomas McNamara fractured his left wrist when he fell at the Addison Lounge on November 27, 1983. Plaintiff negotiated a settlement agreement with the lounge releasing it from all liability. Plaintiff subsequently filed a medical malpractice suit against defendants Dr. Richard Shermer and Northwest Hospital alleging they were careless and negligent in the treatment they provided after his fall. The trial court granted defendants' motion for summary judgment holding that the release given to the lounge also released defendants from any liability. Plaintiff appeals.

On November 27, 1983, plaintiff slipped and fell at the lounge. Plaintiff was treated by Dr. Shermer at Northwest Hospital for a fracture of his left wrist. On November 3, 1984, plaintiff executed a release with the lounge and accepted a settlement in exchange for the full release of liability against the lounge. The release stated that in addition to the Releasee, it discharged and released "any and all other tortfeasors who are or may be liable to Releasor for the aforementioned accident." The release also reserved any right Releasee may have against any other person, organization or tortfeasor for indemnity or contribution.

The release executed by plaintiff in the present case stated that it was entered into in accordance with the provisions of the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1979, ch. 70, pars. 301 through 305.) The portion of the Contribution Act relevant to this appeal states: "When a release *** is given in good faith to one or

more persons liable in tort arising out of the same injury \*\*\*, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide \*\*\*." (Ill. Rev. Stat. 1979, ch. 70, par. 302(c).) The intent and effect of this statute is to abolish the common law rule that the release of one tortfeasor released all tortfeasors.

This provision of the Act which limits the release of other tortfeasors unless the terms so provide was recently interpreted by our supreme court in *Alsup v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, 461 N.E.2d 361. There, the court held that the modifying language, "unless its terms so provide," should not be interpreted to allow the legislative intendment of nullifying the common law rule to be frustrated through the use of what are often general release forms. The court further held that the legislature's intendment under section 2(c) was to not release "other tortfeasors" from liability unless they were "designated by name or otherwise specifically identified." (101 Ill. 2d 196, 201, 461 N.E.2d 361.) The court in *Alsup* held that its decision would apply prospectively to releases from liability executed after the date of the filing of the opinion, January 20, 1984.

On appeal, plaintiff argues that the court's holding in *Alsup* requires a finding by this court that the terms of his release do not release defendants from liability. Defendants, while acknowledging that they are not designated by name, argue that they are "otherwise specifically identified" in the release, and therefore meet the requirements of *Alsup* for them to be released from liability.

■ The release in the present case was executed on November 3, 1984, and therefore there is no question that *Alsup* governs. Applying the *Alsup* holding to the case before us, it is clear that the release form signed by plaintiff does not release defendants. The release in *Alsup*, in our estimation, was even more specific than the release here, and there, the court found that the release did not discharge the liability of defendant Firestone. The *Alsup* release provided for the release and discharge of the "[p]ayer, and all other persons, firms, and corporations, both known and unknown, of and from any and all claims, demands, damages, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature \*\*\*." (101 Ill. 2d 196, 198, 461 N.E.2d 361.) Thus, it was more specific than the release before us, which provides for the release of "any and all other tortfeasors who are or may be liable to Releasor for the aforementioned accident." We find no merit to defendants' argument that because the release contains a separate and distinct title and paragraph which states that others besides the lounge are to be released, they are "otherwise specifically identi-

fied". Based on the *Alsup* decision, we find that defendants are not specifically identified and therefore are not released from liability.

We also reject defendants' argument that *Alsup* is not controlling and that the holding in *Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 472 N.E.2d 791, is dispositive of this matter. In *Rakowski*, Lucente executed a release in favor of Rakowski, after both were involved in an automobile accident. Rakowski and the two passengers in his car then sued Lucente for injuries arising from the accident. Lucente counterclaimed against Rakowski seeking contribution for the injuries sustained by the passengers. The issue in *Rakowski* was whether a release executed by Lucente before plaintiffs asserted any claim against him also released his right to contribution. Lucente argued that because the right to contribution was not expressly enumerated in the release, he could still counterclaim for contribution. The *Rakowski* court found that even though *Alsup* held, under section 2(c) of the Contribution Act, that a release does not cover a joint tortfeasor not specifically identified, that case does not hold that all claims being released must be individually and specifically described, and therefore Lucente's claim for contribution was barred by the release.

■ We believe that *Alsup*, rather than *Rakowski*, is controlling here. Factually, *Alsup* is similar to this case. In both *Alsup* and the present case, defendants in a negligence suit sought release from liability based on a release executed by plaintiff with another tortfeasor who bargained for the release. In contrast, *Rakowski* treated the question whether defendant could bring a claim for contribution after executing a release. The *Rakowski* court specifically stated that in that case, the defendant's reliance on *Alsup* was misplaced. The *Rakowski* court correctly stated that *Alsup* does not hold that all claims being released must be individually and specifically described. *Alsup* does hold, however, that a release does not cover a joint tortfeasor not specifically identified, and as we found above, neither defendant in the case before us was specifically identified in the release executed by plaintiff. Therefore, the trial court erred in granting defendants' motion for summary judgment.

For the foregoing reasons the judgment of the circuit court of Cook County granting defendants' motion for summary judgment is reversed and the case is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

WHITE and FREEMAN, JJ., concur.