STRO-WOLD FARMS *et al.*, Plaintiffs-Appellants, v. JAMES H. FINNELL, d/b/a Hay, Finnell and Schleef Veterinary Clinic, Defendant-Appellee.

Fourth District    No. 4—90—0648

Opinion filed March 28, 1991.

114

Fellheimer, Travers & Engelman, Ltd., of Pontiac (Robert M. Travers and David J. Babb, of counsel), for appellants.

Strong, Blakeman & Schrock, Ltd., of Pontiac (C. Thomas Blakeman, of counsel), for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Plaintiffs, Stro-Wold International Livestock Services, Ltd., and Stro-Wold Farms, a partnership (Stro-Wold), appeal from a dismissal of their action for contribution against defendant, Dr. James H. Finnell, a veterinarian. We conclude that plaintiffs are barred under Illinois law from seeking contribution from defendant, and we affirm.

## I. FACTS

In March 1980, Gary and Patrice Ott of Brillion, Wisconsin, contracted to purchase 83 hogs from Stro-Wold. Stro-Wold, organized under the laws of the State of Missouri, had its headquarters in Bowling Green, Missouri.

In March and April 1980, Stro-Wold purchased some hogs for eventual resale from Dale Zimmerman (Zimmerman), d/b/a PBZ Hog Farm, of Forrest, Illinois. Defendant, a veterinarian licensed to practice in the State of Illinois, was a member of Hay, Finnell & Schleef Veterinary Clinic, a partnership, with offices in Ford County, Illinois. In April 1980, defendant executed an Illinois Department of Agriculture official health certificate, which certified that he had inspected the hogs sold by Zimmerman to Stro-Wold and found them to be free of any infectious,

contagious, or communicable diseases. The hogs supplied by Zimmerman were then sold by Stro-Wold and delivered in April 1980 to the Otts in Wisconsin. After the hogs were delivered to the Ott farm, Ott's entire hog inventory was stricken with swine dysentery, resulting in a complete loss.

In May 1982, the Otts filed suit in Wisconsin State court against Stro-Wold. Farm Bureau Town and Country Insurance Company (Farm Bureau), as insurer of Stro-Wold, was added as an additional party defendant to the Wisconsin action. In March 1985, the Wisconsin action was dismissed and the case was removed to the United States District Court for the Eastern District of Wisconsin. Stro-Wold, as defendants in the Federal case, filed third-party claims against various third-party defendants, including Zimmerman, his insurer, American States Insurance Company (American States), defendant, and defendant's insurer, AVMA Professional Liability Insurance Trust (AVMA). Defendant was dismissed from the Federal action in February 1986, for lack of personal jurisdiction.

In March 1986, the Otts instituted an action against defendant and AVMA in the United States District Court for the Northern District of Illinois. In July 1986, a stipulation of dismissal without prejudice was entered in the case, granting leave to reinstate within 90 days.

In October 1986, the Wisconsin Federal litigation was dismissed by settlement. In exchange for $100,000, the Otts executed a release discharging Zimmerman, Stro-Wold, other inconsequential parties, and "their heirs, agents, servants, successors, executors, administrators, and all other persons, corporations, firms, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses, and compensation whatsoever." In this settlement, $41,375 was paid by Farm Bureau on behalf of its insured, Stro-Wold, and $48,625 was paid by American States on behalf of its insured, Zimmerman. American States assigned its interest for contribution in any causes of action it may have had against defendant to Stro-Wold. An additional $10,000 was paid to the Otts by Stro-Wold.

In August 1987, Stro-Wold and Farm Bureau brought an action in the circuit court of Livingston County, Illinois, against defendant pursuant to the provisions of the Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*). Plaintiffs' original complaint and a subsequent amended complaint were dismissed with leave to file amended pleadings. A third-amended complaint was filed in August 1989. In June 1990, defendant filed a motion to dismiss the third-amended complaint. Both parties supplied written arguments regarding the motion to dismiss.

In August 1990, the trial court granted with prejudice defendant's motion to dismiss the third-amended complaint, finding that plaintiffs had no right under Illinois law to contribution from defendant.

## II. ANALYSIS

■ In this appeal, we are concerned with the effect of a release on a claim for contribution among alleged joint tortfeasors. Prior to passage of the Contribution Act, Illinois courts followed the common law rule that the release of one joint tortfeasor released all joint tortfeasors. Thus, the effect of a release prior to the passage of the Contribution Act was to discharge all joint tortfeasors, even those *not a party* to the release, from any claims by the victim. (W. Keeton, Prosser & Keeton on Torts §49, at 332 (5th ed. 1984) (hereinafter Prosser & Keeton).) The legislature intended to abolish the common law rule that produced an involuntary discharge of joint tortfeasors by passing the Contribution Act. (See *Alsup v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, 201, 461 N.E.2d 361, 364.) Now, a release does not discharge a non-settling party unless that party is specifically named in the release. *Alsup*, 101 Ill. 2d at 202, 461 N.E.2d at 364.

■ The common law prohibited contribution among joint tortfeasors when any of the joint tortfeasors had discharged the claim of the injured party. (Prosser & Keeton §50, at 336.) However, many statutes have now been passed that permit contribution among joint tortfeasors. (Prosser & Keeton §50, at 336.) In Illinois, contribution is limited to those parties whose liability is extinguished by a release; a tortfeasor who settles with a claimant is not entitled to contribution from another tortfeasor whose liability is not extinguished by the settlement. Ill. Rev. Stat. 1987, ch. 70, par. 302(e).

■ In the present case, plaintiffs argue that the language in the Wisconsin settlement, releasing Zimmerman and his "agents," effectively releases defendant because he was an agent of Zimmerman. Accordingly, plaintiffs contend that they can seek contribution from defendant because he is one of the parties to the release. In *Alsup*, the supreme court held "that a release must specifically identify the other tortfeasors [released] in order to discharge their liability." (*Alsup*, 101 Ill. 2d at 202, 461 N.E.2d at 364.) We conclude that the use of the word "agent" in the settlement agreement is not adequate under *Alsup* to include defendant as a party to the release.

In so concluding, we find the present case to be similar to an earlier decision of this court in *Pearson Brothers Co. v. Allen* (1985), 131 Ill. App. 3d 699, 476 N.E.2d 73. In *Pearson Brothers*, this court was con-

cerned with the application of section 2(e) of the Contribution Act, which states as follows:

"A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement." (Ill. Rev. Stat. 1987, ch. 70, par. 302(e).)

The pertinent facts in that case are as follows. Evelyn Allen, executor of the estate of Gerald Allen, brought suit against Pearson Brothers and VCV Engineering. The complaint alleged that Gerald's death was caused by a farm implement manufactured by Pearson Brothers and distributed by VCV. Pearson Brothers and VCV brought third-party contribution actions against Stephen Allen, the owner of the implement. The trial court severed the contribution actions from the underlying case. (*Pearson Brothers*, 131 Ill. App. 3d at 700, 476 N.E.2d at 73-74.) The underlying case was settled, and plaintiff executed a release in favor of Pearson Brothers and VCV that also purported to release "any and all other persons and entities" from liability. Stephen filed a motion to dismiss the complaints against him for contribution, which the trial court granted. *Pearson Brothers*, 131 Ill. App. 3d at 700, 476 N.E.2d at 74.

On appeal, this court disagreed with Pearson Brothers' and VCV's claim that they could seek contribution from a nonsettling alleged tortfeasor. In doing so, we rejected plaintiffs' request for an "equitable," rather than a literal, interpretation of section 2(e) of the Contribution Act. (*Pearson Brothers*, 131 Ill. App. 3d at 701, 476 N.E.2d at 74.) In so holding, this court wrote the following:

"An obvious purpose of the Act is to reduce the amount of litigation. A limitation on the right to obtain contribution ought to reduce the amount of litigation. The situation where the statute of limitations runs on a joint tortfeasor or where a plaintiff chooses not to sue such a person is a rather rare occasion. We do not choose to torture the language of section 2(e) to permit the seeking of contribution here even though it might seem fair to do so. To disregard the limitation of section 2(e) each time it might seem fair to do so would cause intolerable confusion." *Pearson Brothers*, 131 Ill. App. 3d at 702, 476 N.E.2d at 75.

In the present case, the trial court stated it would "welcome a further review by the Appellate Court for the Fourth District to determine whether their holding in *Pearson* should in fact be applied to all circumstances, including the circumstances herein." Having reviewed *Pearson Brothers*, we now reaffirm that opinion and the interpretation of section 2(e) contained therein. To do otherwise (as plaintiff's counsel conceded at oral arguments) would make every release subject to an *ad hoc* deter-

mination as to which, if any, alleged joint tortfeasors come within its terms. Such uncertainty and confusion is precisely what the legislature intended to avoid by enacting section 2(e) of the Contribution Act. We believe the "bright-line rule" stated in *Pearson Brothers* is in furtherance of that legislative goal. Stated more directly, that "bright-line rule" is that a tortfeasor who settles a claim is not entitled to contribution from another tortfeasor whose liability is not explicitly extinguished by name in the settlement.

In attempting to avoid *Pearson Brothers*, plaintiffs claim a conflict of law issue that would prohibit the trial court from applying Illinois law to plaintiffs' claims for contribution. Defendant argues that because this issue is being raised for the first time on appeal and because plaintiffs filed their complaint "pursuant to" Illinois law, *Pearson Brothers* should apply. In their response to defendant's motion to dismiss, plaintiffs suggested that law other than Illinois law might apply, but did not state what that other law was.

A similar issue arose in *O'Brien v. Rautenbush* (1956), 10 Ill. 2d 167, 139 N.E.2d 222, where a car accident occurred in Wisconsin and the possible applicability of Wisconsin law was not raised until the appeal. In *O'Brien*, the court wrote as follows:

> "When a litigant relies upon the laws of another State as the basis for his claim, he must plead and prove such laws, for the broad rule prevails that, in the absence of a showing to the contrary, such laws will be presumed to be the same as the laws of the forum. [Citations.] This point of application of Wisconsin law to the case, therefore, not having been raised in the trial court, will not now be considered upon review." *O'Brien*, 10 Ill. 2d at 169, 139 N.E.2d at 224, *overruled on other grounds in Rylander v. Chicago Short Line Ry. Co.* (1959), 17 Ill. 2d 618, 161 N.E.2d 812.

In the present case, plaintiffs did not specifically argue at the trial level that Wisconsin law would apply. Plaintiffs cited neither a Wisconsin case nor a Wisconsin statute as being applicable in the present case. Applying *O'Brien*, we conclude that the issue of conflict of laws was not properly raised at the trial level; accordingly, that issue has been waived.

For the reasons stated, the judgment of the trial court dismissing with prejudice plaintiffs' third-amended complaint is affirmed.

Affirmed.

LUND, P.J., and SPITZ, J., concur.