AUGUSTINE FERNANDEZ *et al.*, Plaintiffs-Appellees, v. TEMPEL STEEL CORPORATION, Defendant-Appellant and Third-Party Plaintiff-Appellant (Nancy F. Goldberg, Defendant and Third-Party Plaintiff; Diemer Heating and Plumbing, Ltd., Third-Party Defendant-Appellee).

First District (5th Division)   No. 1—93—3818

Opinion filed December 29, 1995.

French, Kezelis & Kominiarek, P.C., of Chicago (Algimantas Kezelis and Russell P. Veldenz, of counsel), for appellant.

Storrs W. Downey, of Landau, Omahana & Kopka, Ltd., of Chicago, for appellee Diemer Heating and Plumbing, Ltd.

JUSTICE GORDON delivered the opinion of the court:

Plaintiffs, Augustine and Donna Fernandez, sought recovery against defendant Tempel Steel Corporation (Tempel) under the

Structural Work Act (740 ILCS 150/1 *et seq.* (West 1992)) and for ordinary negligence. Augustine also sought recovery under the Structural Work Act against defendant Nancy F. Goldberg. Both defendants brought a third-party action against Diemer Heating and Plumbing, Ltd. (Diemer), Augustine Fernandez' employer, seeking contribution. Diemer subsequently reached a combined settlement with the plaintiffs concerning the civil action and worker's compensation claim and moved for court approval of the settlement. Over defendants' objections, the trial court found that the settlement was made in good faith and dismissed the third-party complaint against Diemer.

Pursuant to Supreme Court Rule 304(a) (157 Ill. 2d R. 304(a)), Tempel appeals from the trial court order dismissing its third-party action against Diemer and raises the following issues: (1) whether the trial court erred in finding the settlement between Diemer and the plaintiffs was in good faith when the settlement did not yield the plaintiffs any benefit and therefore lacked consideration; and (2) whether a waiver of a worker's compensation lien can act as consideration to a spouse for her loss of consortium claim.

Before we reach the merits of Tempel's appeal, we must address Diemer's motion with this court to dismiss the appeal on the ground of mootness. The facts relevant to that issue are as follows. While Tempel's appeal in this court was pending, the underlying action against Tempel proceeded to jury trial and a verdict was entered in the plaintiffs' favor. On August 25, 1995, the plaintiffs and Tempel entered into a settlement agreement captioned "General Release." This release stated that in consideration for Tempel's agreement to waive an appeal of the jury verdict and Tempel's payment of $2 million, the plaintiffs

> "hereby release, remise, and forever discharge Tempel Steel *** and all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now have or which may hereafter accrue on account of or in any way growing out of *** the accident, casualty or event which occurred on or about the 31st of January, 1990 *** liability which is expressly denied by said Releasees.
>
> It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said Releasees deny liability therefor and intend merely to avoid litigation and buy their peace."

■ Diemer contends that the above-cited settlement agreement between Tempel and the plaintiffs bars Tempel from seeking contribution from Diemer, a joint tortfeasor, under the Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 *et seq.* (West 1994)) (the Contribution Act). Section 2(e) of that act provides:

"A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement." (740 ILCS 100/2(e) (West 1994).)

The relevant portion of section 2(c) of the Act provides:

"When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in·tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide." 740 ILCS 100/2(c) (West 1994).

In a factually similar case, *Dixon v. Chicago & North Western Transportation Co.* (1992), 151 Ill. 2d 108, 601 N.E.2d 704, our supreme court held that a settlement agreement between the appellant and the plaintiff/claimant, while the appellant's appeal from the dismissal of its third-party contribution action was pending, rendered that appeal moot. The appellant, Chicago and North Western Transportation (North Western), was one of several defendants in a personal injury action brought by Dixon, the plaintiff/claimant. North Western brought a third-party action against several defendants, "the Jeep defendants." That third-party action was dismissed after the trial court approved a settlement between Dixon and the Jeep defendants. North Western appealed the dismissal, contending that the settlement between Dixon and the Jeep defendants was not reached in good faith (see Ill. Rev. Stat. 1987, ch. 70, pars. 302(c),(d) (now at 740 ILCS 100/2(c), (d) (West 1994))). The appellate court affirmed the dismissal, and North Western appealed to the supreme court. While that appeal was pending, North Western reached a settlement with Dixon. Finding that the Jeep defendants were not parties to the settlement agreement between North Western and Dixon, the supreme court held that, under the plain language of section 2(e) of the Contribution Act, North Western was not entitled to seek contribution from the Jeep defendants. Accordingly, the court held that North Western's appeal from the dismissal of its third-party action seeking contribution was rendered moot.

■ In the instant case, as in *Dixon v. Chicago & North Western Transportation Co.*, Tempel, the appellant, who was a codefendant and third-party plaintiff, reached a settlement agreement with the

plaintiffs, Augustine and Donna Fernandez, while Tempel's appeal from the dismissal of its third-party action for contribution against Diemer was pending. The settlement agreement between Tempel and the plaintiffs provided for the release and discharge from liability of Tempel Steel and "all other persons, firms [and] corporations." This language did not extinguish Diemer's liability.

As stated in *Stro-Wold Farms v. Finnell* (1991), 211 Ill. App. 3d 113, 116, 569 N.E.2d 1156, 1158:

> "Prior to passage of the Contribution Act, Illinois courts followed the common law rule that the release of one joint tortfeasor released all joint tortfeasors. Thus, the effect of a release prior to the passage of the Contribution Act was to discharge all joint tortfeasors, even those *not a party* to the release, from any claims by the victim. (W. Keeton, Prosser & Keeton on Torts § 49, at 332 (5th ed. 1984) ***.) The legislature intended to abolish the common law rule that produced an involuntary discharge of joint tortfeasors by passing the Contribution Act. [Citation.] Now, a release does not discharge a nonsettling party unless that party is specifically named in the release. [Citation.]" (Emphasis in original.)

(See also *Alsup v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, 461 N.E.2d 361 (other tortfeasors are not released from liability unless designated by name or otherwise specifically identified).) Here, as Diemer was not specifically named or otherwise identified in the release between the plaintiffs and Tempel, Diemer was not discharged from liability. (See, *e.g., Alsup v. Firestone Tire & Rubber Co.*, 101 Ill. 2d 196, 461 N.E.2d 361; *Stro-Wold Farms v. Finnell*, 211 Ill. App. 3d 113, 116, 569 N.E.2d 1156, 1158; *McNamara v. Shermer* (1987), 157 Ill. App. 3d 864, 510 N.E.2d 950; *Pearson Brothers Co. v. Allen* (1985), 131 Ill. App. 3d 699, 476 N.E.2d 73.) As a result, and in accordance with section 2(e) of the Contribution Act (740 ILCS 100/2 (West 1994)), Tempel was not entitled to recover contribution from Diemer, thereby making its appeal of the dismissal of its contribution action against Diemer moot. *Dixon v. Chicago & North Western Transportation Co.*, 151 Ill. 2d 108, 601 N.E.2d 704.

At oral argument, Tempel attempted to distinguish *Dixon* on the basis that its settlement with the plaintiffs occurred after judgment was entered against it. Tempel contends that a release obtained in settlement of a judgment is distinguishable from a release obtained in settlement of a pending cause of action, as was the factual scenario in *Dixon*, and that this distinction requires a result different from that reached in *Dixon*. We note, however, that Tempel has not cited any authority for this argument (see 155 Ill. 2d R. 341(e)(7) (argument shall contain citation of authorities)) nor has Tempel filed

with this court any written response to Diemer's motion to dismiss the appeal.

In any event, we reject Tempel's argument and find that it raises a difference without a distinction. Initially, we note that the Contribution Act makes no distinction between a prejudgment or post-judgment settlement. In fact section 2(c) of the Act specifically states that "a release or covenant not to sue *or not to enforce judgment* *** does not discharge any of the other tortfeasors from liability *** unless the terms so provide." (740 ILCS 100/2(c) (West 1994).) Thus, a release in which the claimant agrees not to enforce judgment, namely, a release obtained after judgment, is well within the contemplation of sections 2(c) and (e) of the Contribution Act. In fact, we note that the language of the release in the instant case does not even refer to the fact that it is post-judgmental, and it is, for all intents and purposes, identical to a release that one would elicit in a prejudgment settlement. See, *e.g., Brady v. Prairie Material Sales, Inc.* (1989), 190 Ill. App. 3d 571, 575-77, 546 N.E.2d 802, 805 (prejudgment settlement release language similar to post-judgment settlement release obtained in instant case).

Moreover, for purposes of contribution, the distinction between a prejudgment and post-judgment settlement is at best one of degree rather than a difference in kind. After judgment, the parties are perhaps better informed as to the potential settlement value of the lawsuit because of the information as to value provided by the intervening judgment. However, until the right to appeal has passed (here Tempel had filed a notice appealing the jury verdict), the status of the defendant's liability and the value of the claim remains open-ended. Consequently, for purposes of contribution, whether the settlement takes place before judgment or after judgment should not determine the impact of section 2(c) and (e) of the Contribution Act. In either case, the tortfeasor is discharged of any additional or further liability; the claimant's right to seek further damages against that tortfeasor is extinguished; and, in accordance with section 2(e) of the Contribution Act, where the tortfeasor has not obtained a release of a joint tortfeasor's liability, the tortfeasor is not entitled to seek contribution from the joint tortfeasor.

For the foregoing reasons, we hold that Tempel's post-judgment settlement of the plaintiffs' claims operated to bar Tempel's third-party action against Diemer for contribution and thereby rendered its appeal from the dismissal of the third-party action moot.

Appeal dismissed.

COUSINS, P.J., and T. O'BRIEN, J., concur.