SECOND DIVISION

March 27, 2001

No. 1-99-3738 

IRMA GUERRERO, individual
ly and ) Appeal from the

Special Administrator of the ) Circuit Court of

estate of Reynaldo Guerrero, ) Cook County.

) 

    Plaintiff, ) 

) 

v. )

)  

SEBASTIAN CONTRACTING      )

CORPORATION,        
) 

) The Honorable

Defendant,     ) Walter J. Kowalski,

) Judge Presiding.

and )

)

MARK MACKEY, JEFFREY SILVER, and )

MICHAEL GREEN, )

)

Defendants/Third Party )

Plaintiffs/Appellees, )

)

v. )

)

L.B. HALL ENTERPRISES, INC., )

)

Third Party Defendant/ )

Appellant. )

JUSTICE GORDON delivered the opinion of the court:

Third party defendant L.B. Hall Enterprises, Inc. (Hall), appeals from an order of the Cook County circuit court entering judgment from a jury verdict in favor of third party plaintiffs Mark Mackey, M.D.; Michael Green, M.D.; and Jeffrey Silver, M.D. on their third party complaint for contribution against Hall.  In addition, Hall appeals from the denial of its motions for directed verdict, for judgment notwithstanding the verdict, and for reconsideration.  In the underlying action, plaintiff Irma Guerrero sued Sebastian Contracting (Sebastian) and Drs. Mackey, Green, and Silver (the defendant physicians) for damages arising from the injury and death of her husband, Reynaldo Guerrero, in a work-related accident.  The defendant physicians subsequently filed a third party complaint for contribution against Hall, Reynaldo's employer.  Plaintiff settled with defendant Sebastian for $500,000, and with the defendant physicians for $1.2 million.  Prior to these settlements, Hall independently settled with plaintiff Irma Guerrero as to her claims against Hall under the Illinois Workers' Compensation Act (820 ILCS 305/1 
et seq.
 (West 1993)).  The trial on third party plaintiffs' contribution complaint was held in September 1999.  

Following the entry of judgment in favor of third party plaintiffs in the contribution action, Hall appealed to this court, arguing, 
inter alia
, that third party plaintiffs' settlement with plaintiff Irma Guerrero failed to comply with section 2(e) of the Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 
et seq.
 (West 1993)) and that third party plaintiffs thus had no right to pursue a contribution action against Hall.  For the reasons set forth below, we reverse the trial court's judgment in favor of third party plaintiffs as to their contribution claim, as well as the court's denials of Hall's motions for directed verdict, for judgment notwithstanding the verdict, and for reconsideration.   

BACKGROUND

Plaintiff Irma Guerrero initially sued Sebastian alleging negligence and Structural Work Act violations in the injury and death of her husband, Reynaldo.  The complaint was subsequently amended to include as defendants five physicians at the University of Illinois Hospital: Mark Mackey, Joseph Vitello, Michael Green, Jeffrey Silver, and Sushil Sabnis.  

According to plaintiff's third amended complaint, defendant Sebastian, the general contractor for a project on West North Avenue in Chicago, subcontracted with third party defendant Hall for the installation of fireproofing materials at various locations in the building.  On January 2, 1995, plaintiff's decedent, Reynaldo Guerrero, who was employed by Hall, was working on a rolling scaffold when the platform gave way, causing him to fall to the ground below.  He sustained multiple internal and external injuries which resulted in his death on January 2, 1995.  According to plaintiff, Sebastian's negligence and Structural Work Act violations were a proximate cause of the fall.  Plaintiff also alleged medical malpractice against the defendant physicians, claiming that their failure to diagnose Reynaldo's life-threatening injury resulted in his death. 

The defendant physicians subsequently filed a third party complaint for contribution against Hall, Reynaldo's employer, seeking contribution from Hall in the event that judgment was entered against the defendant physicians.  Two of the defendant physicians, Joseph Vitello and Sushil Sabnis, were later voluntarily dismissed by plaintiff.

In mid-1999, plaintiff reached a settlement agreement with defendant Sebastian for $500,000 in consideration of a full release of claims.  In her motion to approve this settlement, plaintiff noted that Hall had refused to waive its workers' compensation lien.  Attached to plaintiff's motion was a copy of the earlier settlement of her workers' compensation claim against Hall.  Under this settlement with the employer, which was approved in November 1995 by the Illinois Industrial Commission, Hall agreed to pay plaintiff $119,531.54 "in full settlement of any and all claims for compensation and other benefits on account of the alleged accident and subsequent death of said decedent on January 2, 1995." 
 Under the terms of this agreement, plaintiff released Hall "from any and all claims under the Workers' Compensation Act of Illinois on account of said alleged accident and subsequent death of said decedent."  As part of its order approving the Sebastian settlement, the trial court ordered plaintiff to satisfy Hall's workers' compensation lien from the Sebastian settlement proceeds.   

In September 1999 the remaining defendant physicians, Mark Mackey, Michael Green, and Jeffrey Silver, settled with plaintiff  for a total of $1.2 million.  This "Settlement Agreement and Release" was entered into between plaintiff Irma Guerrero and "the Board of Trustees of the University of Illinois (the "University") on behalf of its trustees, officers, agents, employees, administrators, staff, affiliates and subsidiaries, including Mark Mackey, M.D., Michael Green, M.D., and Jeffery [sic] Silver, M.D. (the "Defendants")."  It applied to "claims arising out of any medical care and treatment rendered to Reynaldo Guerrero during January of 1995 at University of Illinois Hospital."   The agreement stated that in consideration of the agreed-upon payments, plaintiff:

"hereby completely releases and forever discharges Defendants and University from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, where based on tort, contract, or other theory of recovery, which the Claimant now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of the incident described in Recital A above, including, without limitation, any and all known or unknown claims for bodily and personal injuries to Claimant or any wrongful death claim of Reynaldo Guerrero's representative or heirs, which have resulted or may result from the alleged acts or omissions of the Defendants."

Hall is not named in the agreement as a released party. 

As part of the foregoing settlement, which was approved by the trial court on September 8, 1999, the defendant physicians assigned their cause of action for contribution against Hall to plaintiff.  In view of this assignment, plaintiff obtained leave to file an amended third party complaint showing her as the assignee of the defendant physicians "with full authority to prosecute this third party action." 

A jury trial on the third party complaint for contribution began on September 21, 1999.  On September 28, the jury returned a verdict apportioning responsibility in the case as follows: 45 percent to Hall, 45 percent to the defendant physicians, and 10 percent to Sebastian.  The trial court entered judgment on the verdict "apportioning fault to L.B. Hall Enterprises in the amount of 45% of the funds paid in settlement ($1,200,000.00)."  The court then reduced this figure to "the amount of workers' compensation paid, 
i.e.
, $123,829.63."
(footnote: 1)  The court also denied Hall's motions for directed verdict and for judgment notwithstanding the verdict, as well as Hall's subsequent motion for reconsideration.  

The instant appeal followed.  

DISCUSSION

Hall's main contention on appeal is that the third party plaintiff physicians have no right of contribution against it in this case.  Hall makes two arguments in support of this contention.  It argues first that the physicians' settlement with plaintiff Irma Guerrero did not satisfy the requirements of section 2(e) of the Contribution Act, on the ground that under section 2(e) third party defendant's liability must be extinguished by third party plaintiffs' settlement.  Hall notes that it was not named in the agreement as a released party, and thus argues that its liability was not extinguished by this settlement. 

In its second argument, Hall asserts that third party plaintiffs and Hall are successive tortfeasors rather than joint tortfeasors, and that in such circumstances there is no independent right to bring a third party complaint for contribution.  According to Hall, the injury Reynaldo suffered in the accident is separate and distinct from the harm which resulted from the defendant physicians' negligent treatment of him.  Hall thus contends that it is a prior tortfeasor and that third party plaintiffs, as successive tortfeasors, are barred from seeking contribution against it. 

Finally, regardless of whether third party plaintiffs have a right of contribution, Hall argues that they failed to offer sufficient proof to support their claim that Hall violated the Structural Work Act (740 ILCS 150/0.01 
et seq.
 (West 1993)), and thus their third party complaint for contribution must fail on this basis. 

Because Hall's section 2(e) argument is dispositive of this case, we consider this contention first.  In that regard, we agree that Hall's liability was not extinguished by third party plaintiffs' settlement with plaintiff Irma Guerrero, and that this agreement thus did not meet the requirements of section 2(e). 

Section 2(e) of the Contribution Act provides that:

"[a] tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement."  740 ILCS 100/2(e) (West 1993). 

 

The relevant portion of section 2(c) of the Contribution Act to which section 2(e) refers provides:  

"When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide ***."  740 ILCS 100/2(c) (West 1993).  

Manifestly, under section 2(c) a release does not discharge a nonsettling tortfeasor from liability unless the tortfeasor is specifically named in the release.  See 
Alsup v. Firestone Tire & Rubber Co.
, 101 Ill. 2d 196, 201-02, 461 N.E.2d 361, 364 (1984); 
Stro-Wold Farms v. Finnell
, 211 Ill. App. 3d 113, 116, 569 N.E.2d 1156, 1158 (1991). Hence, under the language of section 2(e) a settling tortfeasor may not recover contribution from a nonsettling tortfeasor who was not specifically named in the settlement.  See 
Stro-Wold Farms
, 211 Ill. App. 3d at 118, 569 N.E.2d at 1159.  

In the instant case, it is undisputed that Hall was not named as a released party in plaintiff Irma Guerrero's settlement with the third party plaintiff physicians.  Hall's liability thus was not extinguished by this settlement.  Moreover, Hall's liability was previously extinguished pursuant to its workers' compensation settlement, before any settlement was reached between the tort plaintiff and third party plaintiff physicians.  

Accordingly, under the explicit terms of section 2(e), third party plaintiffs are not entitled to recover contribution from Hall.  See 
Pearson Brothers Co. v. Allen
, 131 Ill. App. 3d 699, 701-02, 476 N.E.2d 73, 74-75 (1985); 
Dixon v. Chicago & North Western Transportation Co.
, 151 Ill. 2d 108, 116, 601 N.E.2d 704, 707 (1992).  

Third party plaintiffs would urge that section 2(e) should be read more liberally to apply even where third party defendant's liability was extinguished independently of third party plaintiffs' settlement with plaintiff Irma Guerrero.  According to third party plaintiffs, Hall's previous settlement with plaintiff as to her workers' compensation claims effectively eliminated Hall's tort liability to plaintiff.  Hence Hall is no longer subject to paying twice, particularly in light of Hall's having successfully asserted its workers' compensation lien against plaintiff's settlement with Sebastian.  Accordingly, third party plaintiffs contend, the purpose of section 2(e), which they assert is "to prevent a tortfeasor from paying twice towards the common liability," has been met here, and any failure to name Hall specifically in third party plaintiffs' release should not bar their action for contribution.  We disagree.  

The language of section 2(e) requiring that a nonsettling tortfeasor's liability be "extinguished by the settlement" (740 ILCS 100/2(e) (West 1993)) cannot be modified out of hand, and it has not been so modified in Illinois decisions.  See 
Pearson Brothers
, 131 Ill. App. 3d at 701-02, 476 N.E.2d at 74-75; 
Dixon
, 151 Ill. 2d at 116, 601 N.E.2d at 707.  

In 
Pearson Brothers
, a case relied upon by Hall, the underlying action arose from the death of plaintiff's decedent in an accident involving a farm implement.  The plaintiff sued the manufacturer and the distributor of the implement, and these two defendants brought third party contribution actions against Stephen Allen, the implement's owner.  Subsequently, the underlying case was settled, pursuant to which the plaintiff released the defendant manufacturer and distributor.  However, Stephen Allen was not specifically named in the release.  The trial court dismissed the contribution actions, reasoning that since the settlement document did not specifically name Allen, he was not a person against whom the defendants could seek contribution under section 2(e). 

The manufacturer argued on appeal that section 2(e) should be given an equitable rather than a literal interpretation. Consonantly, it pointed out that during the course of the litigation and prior to settlement, the statute of limitations had run against the tort plaintiff and Allen was no longer at risk of double liability.  Accordingly, the manufacturer urged that "if his tortious conduct was a proximate cause of the death and injury, Stephen Allen should be liable to pay fair contribution."  
 The appellate court affirmed the dismissal of the contribution claims, noting that it did not matter whether the statute of limitations had run, 
i.e.
, whether Stephen Allen's liability were independently extinguished prior to the settlement.  Allen was not specifically named as a released party in the settlement document, and thus the requirements of section 2(e) were not met.  Section 2(e), the court noted, "clearly states" that a settling tortfeasor may not recover contribution "'from another tortfeasor whose liability is not extinguished 
by the settlement
.'" (Emphasis in original.)  
Pearson Brothers
, 131 Ill. App. 3d at 701, 476 N.E.2d at 74.  

The 
Pearson Brothers
 court explained that section 2, which contains six separate provisions, "presents a comprehensive scheme," and that giving "each provision a loose interpretation which appears to meet the equity of the situation could well destroy the symmetry of the scheme."  
Pearson Brothers
, 131 Ill. App. 3d at 701-02, 476 N.E.2d at 74-75.  The court stated: "We do not choose to torture the language of section 2(e) to permit the seeking of contribution here even though it might seem fair to do so.  To disregard the limitation of section 2(e) each time it might seem fair to do so would cause intolerable  confusion."  
Pearson Brothers
, 131 Ill. App. 3d at 702, 476 N.E.2d at 75.  See 
Stro-Wold Farms
, 211 Ill. App. 3d at 117-18, 569 N.E.2d at 1159 (reaffirming 
Pearson Brothers
' interpretation of section 2(e), which the court termed a "'bright-line rule' *** that a tortfeasor who settles a claim is not entitled to contribution from another tortfeasor whose liability is not explicitly extinguished by name in the settlement").  

The 
Pearson Brothers
 interpretation of section 2(e) is cited favorably in 
Dixon v. Chicago & North Western Transportation Co.
, 151 Ill. 2d 108, 601 N.E.2d 704 (1992), an Illinois Supreme Court case which, though not cited by either of the parties, is squarely analogous to the instant case.  There the factual situation is reversed.  In 
Dixon
 it was the employer who sued the manufacturer for contribution. 
 The plaintiff in the underlying action was injured when, during the course of his employment, a motor vehicle in which he was a passenger went out of control and flipped over.  The plaintiff sued his employer, the Chicago and North Western Transportation Company (North Western), pursuant to the Federal Employers' Liability Act (45 U.S.C. §51 
et seq.
 (1986)).  He also sued the vehicle's manufacturers: American Motors Corporation, American Motors Sales Corporation, and Jeep Corporation (hereinafter referred to collectively as the Jeep defendants).  The employer brought a counterclaim for contribution against the Jeep defendants.  Subsequently, the tort plaintiff settled with the Jeep defendants, and the trial court dismissed the employer's contribution counterclaim, finding that since the settlement with the Jeep defendants was in good faith, it precluded the employer's contribution action.  The appellate court affirmed, and the employer appealed to the Supreme Court, challenging the trial court's good faith finding as to the settlement.

Subsequent to the filing of its petition for leave to appeal, the employer settled with the plaintiff.  Relying on 
Pearson Brothers
, our Supreme Court rejected the contention that the independent settlement with the Jeep defendants would protect the Jeep defendants from being exposed to double liability and should therefore subject them to liability in contribution even though their liability was not extinguished by the settlement agreement between the tort plaintiff and the employer.  The court stated:

"North Western settled with [the tort plaintiff].  The Jeep defendants were not parties to that settlement agreement.  Under the plain language of section 2(e) then, North Western is not entitled to seek contribution from the Jeep defendants.  The Jeep defendants' liability was 
not extinguished by the settlement
 entered into by North Western and the plaintiff.  A party that settles may seek contribution only from parties whose liability was extinguished by that same settlement."  (Emphasis in original.)  
Dixon
, 151 Ill. 2d at 116, 601 N.E.2d at 707 (citing 
Pearson Brothers
, 131 Ill. App. 3d at 701-02, 476 N.E.2d at 75-76).  

Likewise in the instant case, 
the prior independent settlement of the tort plaintiff's workers' compensation claims, which would eliminate the risk of double liability on the part of the employer, is not sufficient to permit a cross-claim for contribution by tort defendants against the employer.  As emphasized in 
Pearson Brothers
 and 
Dixon
, a cross-claim for contribution can only be asserted by the settling party if the liability of the third party contribution defendant "was extinguished by that same settlement."  
Dixon
, 151 Ill. 2d at 116, 601 N.E.2d at 707; 
Pearson Brothers
, 131 Ill. App. 3d at 701-02, 476 N.E.2d at 74-75. 

In reaching this conclusion, we reject Hall's argument that its liability to plaintiff was only partially extinguished by the settlement of plaintiff's workers' compensation claims.  Hall's contention is that, even if section 2(e) required only that the nonsettling tortfeasor's liability simply be extinguished, and not that it be extinguished by the settling tortfeasor's settlement, Hall still would not be subject to third party plaintiffs' contribution claim because potential tort liability remained with Hall even after the settlement of plaintiff's workers' compensation claims.  According to Hall, its settlement with plaintiff was limited to workers' compensation liability only, and such statutory liability is separate and distinct from tort liability.  Thus any liability extinguished by this settlement was statutory only. 

In 
Doyle v. Rhodes
, 101 Ill. 2d 1, 461 N.E.2d 382 (1984), our Supreme Court concluded that while "[t]he Workers' Compensation Act provides employers with a defense against any action that may be asserted against them in tort, *** that defense is an affirmative one whose elements–the employment relationship and the nexus between the employment and the injury–must be established by the employer, and which is waived if not asserted by him in the trial court."  
Doyle
, 101 Ill. 2d at 10, 461 N.E.2d at 386.  Thus "[t]he potential for tort liability exists until the defense is established."  
Doyle
, 101 Ill. 2d at 10-11, 461 N.E.2d at 387.  Here, as noted, Hall settled with plaintiff over her workers' compensation claims, paid her the amount agreed upon in the settlement, and subsequently recovered its payment by asserting its lien (see 820 ILCS 305/5(b) (West Supp. 1999)) against plaintiff's settlement with defendant Sebastian.   This settlement of the workers' compensation claims constituted an assertion by Hall of its Compensation Act defense.  While Hall theoretically may have been subject to liability in tort to Reynaldo at the time of his injury, this potential tort liability was defeated once the workers' compensation defense was established.  See 
Doyle
, 101 Ill. 2d at 11, 461 N.E.2d at 387.  It would make little sense to say, on the contrary, that plaintiff could still bring a claim against Hall based on tort liability, even after she had settled her workers' compensation claims.  
Cf.
 
J&R Carrozza Plumbing Co. v. Industrial Commission of Illinois
, 307 Ill. App. 3d 220, 717 N.E.2d 438 (1999) (workers' compensation settlement which was approved by Illinois Industrial Commission operated as 
res judicata
 barring claimant from bringing subsequent claim arising from the same facts).   

This does not alter our decision, which is based not on whether Hall's liability was completely extinguished, but rather on whether it was extinguished 
by third party plaintiffs' settlement
 with Irma Guerrero.  See 
Dixon
, 151 Ill. 2d at 116, 601 N.E.2d at 707; 
Pearson Brothers
, 131 Ill. App. 3d at 701-02, 476 N.E.2d at 74-75.  Since it was not, third party plaintiffs' contribution claim against Hall is barred under section 2(e) of the Contribution Act, regardless of whether Hall retained any tort liability following its settlement of plaintiff's workers' compensation claim.  

Because our decision as to this issue is dispositive, we need not address any of Hall's remaining arguments.  Accordingly, we reverse the trial court's judgment in favor of third party plaintiffs as to their contribution claim, as well as the court's denials of Hall's motions for directed verdict, for judgment notwithstanding the verdict, and for reconsideration.  

Reversed. 

COUSINS and McBRIDE, JJ., concur.   

FOOTNOTES
1:
An employer's contribution liability to a third-party plaintiff is limited to the amount of workers' compensation benefits paid by the employer.  See 
Kotecki v. Cyclops Welding Corp.
, 146 Ill. 2d 155, 165, 585 N.E.2d 1023, 1027-28 (1991).