STATE FARM FIRE AND CASUALTY COMPANY, as Subrogee of Domanus Masonry, Inc., Plaintiff-Appellant, v. RONALD JONES, Indiv. and d/b/a R.J. Masonry, Inc., Defendants-Appellees.

Second District   No. 2—00—1479

Opinion filed April 18, 2002.

Stephen A. Rehfeldt, of Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton, for appellant.

David N. Rechenberg, of Jacobson & Riesborough, of Waukegan, for appellee.

JUSTICE GROMETER delivered the opinion of the court:

Plaintiff, State Farm Fire & Casualty Company, appeals the circuit court's order that dismissed its complaint for contribution against defendant, Ronald Jones, individually and doing business as R.J. Masonry, Incorporated. Plaintiff contends that the court erred in hold-

ing that section 2(d) of the Joint Tortfeasor Contribution Act (the Act) (740 ILCS 100/2(d) (West 2000)) barred its action.

Plaintiff's complaint alleges the following. Plaintiff insured Domanus Masonry, Incorporated (Domanus). Stan Heller hired Domanus to work on his home. Domanus subcontracted with defendant for part of the work. Defendant performed the work negligently, damaging Heller's home. Pursuant to its policy with Domanus, plaintiff paid Heller $57,104.65. Heller executed a release of all claims against Domanus and "R.G. Masonry Wash," which the parties agree refers to defendant.

Plaintiff then filed its complaint for contribution. Defendant moved to dismiss the complaint, and the trial court granted the motion. Plaintiff filed a timely notice of appeal.

■ Section 2(a) of the Act provides that where two or more persons are potentially liable in tort for the same injury, a right of contribution exists among them. 740 ILCS 100/2(a) (West 2000). Section 2(c) provides that a release given in good faith to one tortfeasor does not discharge any other tortfeasor from liability (but it may reduce the claim against that party by the settlement amount). 740 ILCS 100/2(c) (West 2000). The specific provisions of the Act relevant to this case read as follows:

"(d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor.

(e) A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement." 740 ILCS 100/2(d), (e) (West 2000).

In its motion to dismiss, defendant argued that under section 2(d) it had "settled with a claimant" and therefore was discharged from any liability for contribution. The trial court dismissed the complaint, relying on *Christmas v. Hughes*, 187 Ill. App. 3d 453 (1989). On appeal, plaintiff contends that the trial court mistakenly held that by obtaining a release on behalf of defendant, plaintiff forfeited its right to seek contribution. Plaintiff argues that under section 2(e) it was *required* to obtain a release on defendant's behalf in order to pursue its contribution claim.

■ Defendant filed its motion pursuant to section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 2000)). A section 2—619(a)(9) motion admits all well-pleaded facts in the complaint and all reasonable inferences drawn therefrom. We review *de novo* a trial court's dismissal of a complaint under that section. *Appelhans v. McFall*, 325 Ill. App. 3d 232, 235 (2001).

■ The issue here is the proper construction of section 2 of the Act. When construing a statute, the language of the statute must be afforded its plain and ordinary meaning, and, where the language is clear and unambiguous, the court must apply the statute without resort to further aids of statutory construction. *Burger v. Lutheran General Hospital*, 198 Ill. 2d 21, 40 (2001).

■ The plain meaning of section 2(e) is that a joint tortfeasor who wishes to settle with a claimant and intends to seek contribution from another tortfeasor must secure the other tortfeasor's release in order to preserve its right to contribution. Both the supreme and appellate courts have held that a tortfeasor who settled without obtaining the release of a joint tortfeasor was barred from seeking contribution from that tortfeasor. *Dixon v. Chicago & North Western Transportation Co.*, 151 Ill. 2d 108, 116 (1992); *Guerrero v. Sebastian Contracting Corp.*, 321 Ill. App. 3d 32, 36-37 (2001); *Fernandez v. Tempel Steel Corp.*, 277 Ill. App. 3d 330, 332-33 (1995).

Defendant argues, however, that section 2(d) provides that a tortfeasor who has "settle[d] with a claimant" is discharged from contribution liability. 740 ILCS 100/2(d) (West 2000). Defendant contends that because it was included in Heller's release, it "settled" with him and is not liable for contribution. Defendant contends that cases such as *Dixon* and *Guerrero* are distinguishable because there the settlements occurred after the tort victims had filed suit. Defendant argues that because the settlement here occurred before any underlying suit was filed, the case is more like *Christmas*.

■ If read broadly, sections 2(d) and 2(e) conflict. Under section 2(e), releasing a joint tortfeasor is a precondition for a settling tortfeasor to maintain an action for contribution against another tortfeasor. However, under section 2(d), a tortfeasor who is deemed to have settled is not liable for contribution. A statute is ambiguous if susceptible to two reasonable, conflicting interpretations. *Paciga v. Property Tax Appeal Board*, 322 Ill. App. 3d 157, 161 (2001). When confronted with an ambiguous statute, courts turn to rules of statutory construction. *People v. Bowden*, 313 Ill. App. 3d 666, 668 (2000).

■ One such rule is that a statute should be construed in a manner, to the extent possible, that gives meaning to every portion of it. *Affiliated Bank v. Evans Tool & Manufacturing Co.*, 229 Ill. App. 3d 464, 467 (1992). A construction that renders any portion of a statute mere surplusage should be avoided. *Evans v. General Motors Corp.*, 314 Ill. App. 3d 609, 615 (2000). The result advanced by defendant violates this fundamental principle of statutory construction. Section 2(e) states, "A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor *whose liability is not extinguished by the settlement*." (Emphasis

added.) 740 ILCS 100/2(e) (West 2000). On defendant's theory, the italicized language is meaningless. If the legislature intended a settling party to be barred from seeking contribution from all tortfeasors, there would have been no need to include this language. Hence, it is clear that section 2(e) contemplates a settling party seeking contribution from another settling party.

On its face, section 2(d) appears to preclude the type of contribution contemplated by section 2(e). However, if so, the language from section 2(e) that is italicized above becomes meaningless. The settling party would be precluded from seeking contribution from a settling tortfeasor, which is exactly the same result that would follow if the legislature omitted the italicized language from section 2(e). The only interpretation that gives effect to both sections is that section 2(d) immunizes a settling party from contribution claims from nonsettling parties, while section 2(e) only precludes a settling party from seeking contribution from nonsettling parties. Accordingly, we reject defendant's argument.

Defendant's proposed construction that section 2(d) applies before the tort victim files suit and section 2(e) applies after such a suit is filed is simply not supported by the statute's plain language. Such a distinction appears nowhere in section 2. When a statute is unambiguous, we may not depart from its plain meaning by reading into it exceptions, limitations, or conditions that the legislature did not express. *Petersen v. Wallach*, 198 Ill. 2d 439, 446 (2002).

Such a reading of the statute is also irrational. In practical terms, a tortfeasor who wanted to settle with a claimant and avoid a trial but still preserve a potential contribution claim would be unable to settle until the claimant filed a lawsuit. However, as soon as the claimant's lawyer returned from the courthouse with a file-stamped complaint the parties could consummate a settlement. Such a rule would frustrate the public policy favoring settlements at an early stage and might make settlement ultimately more difficult by requiring the tort victim to undergo the expense of hiring a lawyer and filing a complaint, even where the tortfeasor was not contesting liability.

*Christmas*, on which defendant chiefly relies, does not mandate a different result. That case involved only a relatively straightforward application of section 2(d). After a collision in Chicago, Christmas settled with the Yellow Cab Company and executed a covenant not to sue covering the company and its agents and employees. Christmas then sued Hughes, who filed a contribution action against the cab driver. While conceding that the driver was an agent or employee of the cab company and thus covered by the release, Hughes nevertheless contended that his contribution action was not barred. The appel-

late court rejected Hughes's arguments, holding that section 2(d) clearly barred the action. *Christmas*, 187 Ill. App. 3d at 457.

*Christmas* involved a suit against the settling tortfeasor by a nonsettling tortfeasor. This case involves the opposite situation: the settling tortfeasor suing a nonsettling tortfeasor who was released from liability to the underlying claimant. Thus, *Christmas* does not apply. We note that the settlement in *Christmas* occurred before Christmas sued the cab company. However, this fact appears to have been entirely fortuitous and played no part in the court's analysis.

By settling with Heller and securing Jones's release, State Farm did everything it needed to do to preserve its right to contribution. The judgment of the circuit court of McHenry County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

BOWMAN and KAPALA, JJ., concur.